UNITED STATES ex rel. SCHAUFFLER v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Circuit Court of Appeals, Second Circuit. May 30, 1907.)

No. 285.

APPEAL AND ERROR—TIME OF TAKING PROCEEDINGS—EFFECT OF MOTION TO VACATE JUDGMENT.

The six months allowed by statute for suing out a writ of error for the review of a judgment by the Circuit Court of Appeals cannot be extended by a motion in the trial court to vacate the judgment, filed after such time has expired, which brings nothing new into the record, but is in effect merely a motion to reargue the question whether the judgment was warranted by the record.

In Error to the District Court of the United States for the Southern District of New York.

See 147 Fed. 228.

Creevey & Rogers, for plaintiff in error.

Frank H. Platt and Henry W. Clark, for defendant in error.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. The action was brought by the trustee in bankruptcy of George W. Mosely to recover upon a bond given by defendant for the faithful performance of his duties by a former trustee of the same estate, who was alleged to have defaulted. Issue being joined in the District Court, an order was made on March 17, 1903, sending the cause to a referee to take testimony and report. Subsequently, and while the hearing was still proceeding before the referee, such order was amended (June 21, 1904) so as to direct the referee to hear and determine the issues. Thereafter, the referee having rendered his decision in favor of defendant, said decision with the pleadings, orders, testimony, and exhibits came before the District Court, which on November 1, 1905, directed that judgment be entered in favor of defendant, dismissing the complaint on the merits with costs. Judgment was formally entered November 8, 1905. Plaintiff took an

appeal from such judgment to the Circuit Court of Appeals, which was dismissed; but he applied for no writ of error within the six months limited by statute for proceedings to review a judgment of the District Court in the Court of Appeals. About four weeks subsequent to the expiration of the six months he moved in the District Court for an order vacating the judgment, on the ground that it was null and void by reason of the fact that said court was without jurisdiction, authority, or power to direct the entry of the same, or to amend the order of reference without relator's consent, and for the further reason that said judgment was irregularly entered. The motion was denied, and this writ of error was sued out to review such denial.

Before disposing of the case, it may be noted that we do not express any opinion upon the question whether or not a trustee in bankruptcy is "an officer of the United States authorized by law to sue" in the District Court, under the fourth paragraph of section 563, Rev. St. [U. S. Comp. St. 1901, p. 456]. The point made by plaintiff is that there was no jurisdiction to order a reference to hear and determine without plaintiff's consent or to enter judgment upon a referee's report made in conformity with such order. To reverse or vacate a judgment upon such theory, it would, of course, have to be shown that the order of reference complained of was not consented to or acquiesced in. No facts are set forth in the moving papers which were not before the District Court when judgment was ordered and entered. Every proposition which is now advanced could have been fully presented upon a writ of error to review the judgment itself.

We are of the opinion that the case is within the principle laid down in Conboy v. First Nat. Bank of Jersey City, 203 U. S. 141, 27 Sup. Ct. 50, 51 L. Ed. 128. In substance and effect the motion was an application to the District Court to reargue the question whether upon the record before it in November, 1905, judgment should or should not have been entered. Having allowed the time to review the decision embodied in that judgment to expire, plaintiff cannot, by any motion for reargument or similar relief, extend such time beyond the limit fixed by statute.

The order is affirmed.