### PRIMOS CHEMICAL CO. v. FULTON STEEL CORPORATION.

(District Court, S. D. New York. November 20, 1918.)

1. COURTS ⊛⇒268—JURISDICTION OF FEDERAL COURTS—DISTRICT OF SUIT.

A federal court has jurisdiction of a creditors' suit against a corporation, where defendant has either fixed or personal property within the district, although the greater part of its property is in another district, in view of Judicial Code, § 55 (Comp. St. § 1037).

2. COURTS ⊛⇒276—JURISDICTION OF FEDERAL COURTS—DISTRICT OF SUIT—WAIVER OF OBJECTIONS.

The jurisdiction of a federal court of a creditors' suit against a corporation cannot be questioned by creditors on the ground that it is a nonresident of the district, when the defendant has voluntarily appeared and submitted to the jurisdiction.

3. RECEIVERS ⊛⇒206—ANCILLARY RECEIVERSHIP.

An ancillary bill for sequestration of assets does not essentially differ from an original bill. Each is an equitable attachment of property within the district in which such bill is filed, and of that property only.

In Equity. Suit by the Primos Chemical Company against the Fulton Steel Corporation. On motion to dismiss for want of jurisdiction. Denied.

See, also, 254 Fed. 454.

W. Cleveland Runyon, of New York City, for complainant.

Kellogg & Rose, of New York City (L. Laflin Kellogg, of New York City, of counsel), for objecting creditors.

AUGUSTUS N. HAND, District Judge. [1] Certain creditors, by a special appearance, question the jurisdiction of this court in the above cause upon the ground that the suit is of a local nature. The suit cannot be of a local nature, if there is personal property in this district

and no fixed property. If the leasehold interest belonging to the defendant is fixed property in this district, the cause was properly brought here, and the receivers would have full jurisdiction over all the property in the circuit under section 55 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1102 [Comp. St. § 1037]). I allowed an amendment to the bill to set up these facts, without, however, passing in any way upon the effect of the allegations. About the time the original bill was filed, I suggested that an ancillary bill should be filed in the Northern district, where the factory and most of the property were, and that is the practice that I still think should have been and should be followed. However, that this court would not have jurisdiction over all the property within the circuit does not in any way militate against its jurisdiction over property within this district.

[2] I am informed that there was at the time of the filing of the bill a leasehold interest, the equipment of an office and a bank account of approximately $4,000 within the Southern district of New York. There can therefore be no doubt about the jurisdiction of this court over that property. Moreover, its jurisdiction, as was said by the Supreme Court in the case of Central Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98, in a case like this, cannot be questioned by creditors, where the defendant has voluntarily appeared and submitted to the jurisdiction.

[3] According to my understanding, an equity receivership, except in certain limited cases covered by the Judicial Code, extends only to property within the district in which the suit is brought. An ancillary bill for sequestration of assets does not essentially differ from an original bill. Each is an equitable attachment of property within the district in which such bill is filed and of that property only, and, whether the bill filed in the second district be termed "original" or "ancillary," orders in that district are necessary to affect property therein.

If a reorganization is offered, it should be approved by the court in both districts. After a bill is filed in the Northern district, I should say the offer should first be submitted to the court in that district, where by far the greater part of the property of the corporation is situated, and, if approved there, I can hardly imagine any doubt about its immediate approval here.

For the foregoing reason, the motion to dismiss the bill for lack of jurisdiction is denied.