## LUHRIG COLLIERIES CO. et al. v. INTERSTATE COAL & DOCK CO. et al.

(Circuit Court of Appeals, Second Circuit. January 8, 1923.)

No. 131.

1. **Courts ⬅268—Have jurisdiction of creditors' suit, if property of defendant is within district.**
    A federal court has jurisdiction of a creditors' suit, where the defendant has property within the district.

2. **Creditors' suit ⬅56—Purchaser cannot complain of orders made before sale.**
    Where the interest of a purchaser at a sale in a creditors' suit began with its bid, it had no right to complain of orders made before its rights accrued.

3. **Judges ⬅6, 26—Circuit Judge, sitting without designation on file, is de facto judge.**
    A Circuit Judge, for whom, at the time he made orders in a case in the District Court, no designation, under Judicial Code, § 18 (Comp. St. § 985), was on file in the District Court, was a de facto judge, whose orders cannot be assailed collaterally.

4. **Appeal and error ⬅983(3)—Judicial sales ⬅22—Fixing time for compliance with bid is discretionary matter, not reviewable without abuse.**
    Where a bid for property sold in creditors' suit was for the payment of money, it was a matter of discretion to determine the time within which the money should be paid, and that discretion is not reviewable, unless abuse is shown.

5. **Appeal and error ⬅876—Past orders cannot be reviewed by moving to vacate and appealing from denial of motion.**
    One dissatisfied with past orders cannot move to vacate them, and, by appeal from the order refusing vacation, bring up the original orders.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Luhrig Collieries Company and others against the Interstate Coal & Dock Company. From sundry orders which resulted in vacating the sale to the Thosmil Holding Corporation, and confirming a subsequent sale to another, the Thosmil Holding Cor-

poration appeals. Certain orders appealed from affirmed, and appeal dismissed as to the other orders.

See, also, 281 Fed. 265.

Howard T. Kingsbury and George A. Conroy, both of New York City, for Thosmil Holding Co.

Pendleton, Anderson, Iselin & Riggs, of New York City (Francis K. Pendleton, of New York City, of counsel), for defendant and its receivers.

Before ROGERS and HOUGH, Circuit Judges, and AUGUSTUS N. HAND, District Judge.

PER CURIAM. The action above entitled is the ordinary creditors' bill for conservation. Receivers were appointed and ancillary bills filed in every other jurisdiction where the defendant had property. In due time a reorganizaton of defendant was agreed upon by creditors et al., and orders passed, not only in the original, but in the ancillary, jurisdictions for sale of all that defendant had. At this sale Thosmil Corporation was apparently the highest and best bidder, its bid was accepted, and it made a deposit of $5,000 at the time of bidding, in accordance with the terms of sale. Subsequently the sale came up for confirmation, and Thosmil Corporation was given by order a few days wherein to make good its bid. It asked for what was called a "reasonable time," but just how much time it wanted does not appear. At the expiration of the time limited, Thosmil Corporation was declared in default, a resale was directed and ultimately had, and the $5,000 deposit aforesaid was declared forfeited. At the resale (as was admitted at bar) the price obtained was less than Thosmil Corporation's bid by much more than $5,000.

The above-recited events were directed or are evidenced by a series of orders extending from September 21, 1921, to February 11, 1922. The order of latest date resulted from a motion made by appellant to vacate all the preceding orders above referred to. When this motion to vacate was denied, this appeal was taken, not only from the order refusing to vacate, but all the preceding orders, which had appointed receivers, directed sale, confirmed sale, and declared appellant in default. All the orders complained of, however, had been entered within six months of the service of the petition for appeal.

No useful purpose would be served by going into this matter in detail. It is sufficient to note that the assignments of error fall into the following categories: (1) The court had no jurisdiction to appoint receivers. (2) Some of the orders complained of were made by a Circuit Judge for whom, at the time of orders made, no designation under section 18, Judicial Code (Comp. St. § 985), was on file in the District Court. (3) The orders confirming sale to appellant, requiring appellant to pay within a time limited, holding appellant in default, and withholding the aforesaid $5,000, were erroneous.

We summarily dispose of these propositions as follows:

[1] The jurisdiction of the court below, acting with ancillary assistance of other and appropriate courts, was perfect. Primos, etc., Co. v. Fulton Corp. (D. C.) 255 Fed. 427.

[2, 3] The interest of appellant in this litigation began with its bid; it has no other interest in the suit. All the orders made without designation by the Circuit Judge above referred to were prior to any right on the part of appellant to be heard in this cause. Therefore it has no right to complain about orders made before its rights accrued, but in any event the orders were made by a de facto judge and cannot be assailed collaterally. Ball v. United States, 140 U. S. 118, 11 Sup. Ct. 761, 35 L. Ed. 377.

[4] Appellant's bid was for so much money; how long it should have to pay that money was matter of discretion, and discretionary orders are not appealable, unless abuse of discretion is shown as error of law. In this instance, and on the facts shown by affidavit, there was no abuse of discretion; on the other hand, every reason existed for holding the bidder firmly to an almost immediate making good of his bid.

[5] One dissatisfied with past orders cannot move to vacate the same and by an appeal from the order refusing vacation bring up the original orders. Cf. Daly v. Brady, 75 Fed. 1022, 20 C. C. A. 680; U. S. v. Fidelity & Deposit Co., 155 Fed. 117, 83 C. C. A. 577.

The appeal, in so far as it is taken from the orders of November 28th, December 9th, December 16th, and January 17th will result in an affirmance of said orders. In respect of all the other orders enumerated, the appeal is dismissed. Costs will follow the mandate.