## In Re Robelen.

(*December* 22, 1926.)

PENNEWILL, C. J., and RODNEY, J., sitting.

*Elwood F. Melson* for appellant.

*Horace G. Eastburn* for appellee.

Superior Court for New Castle County, September Term, 1926.

RODNEY, J., delivering the opinion of the Court:

At the hearing full argument was had upon the merits of the Board of Adjustment's grant of a permit to the applicant for the erection of the garages especially upon the point of the necessary assents required and we then assumed that such questions were properly before this court.

Upon a full consideration, however, we are convinced that no questions as to the applicant's right to a permit nor of the correct-

ness of the Board of Adjustment's determination are properly before us.

■ The decision of the Board was made on July 18, 1926. The statute requires that an appeal be taken within 30 days after the filing of the decision. No such appeal was made but over a month later a rehearing was asked for and granted by the Board. This we think the Board, under the Statute, had no power to do. We base our decision on the proposition that where a Statute in clear and unequivocal language limits the time to appeal from a decision of the Board of Adjustment to thirty days after the entry thereof no party, after the expiration of such time, can by a motion for rehearing or to vacate the decision extend the statutory time. *Lipman v. Slimmer*, 146 *Minn.* 429, 178 *N. W.* 954.

A very similar matter was before the Circuit Court of Appeals of the Second Circuit in *U. S. v. Fidelity & Deposit Co.*, 155 *F.* 117, 83 *C. C. A.* 577. There the Court held that a six months' period for suing out a writ of error cannot be extended by a motion in the trial court to vacate the judgment, filed after such time has expired, which brings nothing new into the record, but is in effect merely a motion to reargue the questions whether the judgment was warranted by the record.

In *Fitzpatrick v. Turner*, 14 *Fla.* 382, a two-year period was allowed for taking an appeal. That period having elapsed without appeal, it was held that a party could not regain his lost opportunity by making a motion to set aside the judgment and then appealing from the decision denying such motion.

To the same effect are *Conboy v. First National Bank of Jersey City*, 203 *U. S.* 141, 27 *S. Ct.* 50, 51 *L. Ed.* 128; *Daly v. Brady (C. C. A.)*, 75 *F.* 1022; *Badger v. Daniel*, 82 *N. C.* 468; *Jowell v. Lamb (Tex. Civ. App.)*, 207 *S. W.* 987; *Stearns & White Co. v. Lee (C. C. A.)*, 295 *F.* 833, 837; *Brady v. Bernard & Kittinger (C. C. A.)*, 170 *F.* 576, affirmed 217 *U. S.* 595, 30 *S. Ct.* 695, 54 *L. Ed.* 896; *Credit Co. v. Ark. Central Ry.*, 128 *U. S.* 258, 9 *S. Ct.* 107, 32 *L. Ed.* 448; *In re Alden Electric Co. (C. C. A.)*, 123 *F.* 415.

■ It will be readily seen from the statement of facts in this case that the order of June 18 was never revoked, modified or

changed in any way but was "confirmed and approved" on July 29. This present appeal then could only be considered as an appeal from an order refusing to revoke the orginal order, and could not touch the merits of the original order.

We think the Statute limiting the right of appeal to 30 days after the filing of the decision is binding both upon us and upon the Board of Adjustment and a right of appeal after such time has expired cannot be granted. It will not be so construed as to allow to be done by indirection what may not be done directly.

We would not be understood as holding that the Board of Adjustment may not grant a rehearing nor reconsider a matter acted on by it if such rehearing be had within the statutory time for an appeal, for such is not the question before us. The fact that the Board of Adjustment may have made rules governing reopening of cases can have no effect where such rules are in conflict with the plain and unambiguous terms of the Statute.

The appeal must be dismissed but because, in answer to the writ of *certiorari*, the original papers themselves were sent up by the Board of Adjustment we think proper in this case to order the record remanded to the Board of Adjustment.