## ALEXANDER v. SPECIAL SCHOOL DISTRICT OF BOONEVILLE, LOGAN COUNTY, ARK.

### No. 12353.

Circuit Court of Appeals, Eighth Circuit.

Jan. 8, 1943.

S. L. White, of Little Rock, Ark., for appellant.

Charles I. Evans, of Booneville, Ark., for appellee.

Before STONE, SANBORN, and RIDDICK, Circuit Judges.

STONE, Circuit Judge.

This is an appeal from an order of March 6, 1942, denying a motion "to correct judgment and decree" entered February 23, 1937. Appellee presents a motion to dismiss the appeal because not taken in time nor taken from an appealable order. We think this motion should be sustained on the second ground. Therefore, we examine the case only in so far as necessary to dispose of that motion. This appeal was taken within time after the order of March 6, 1942. But the contention, as to time, is that the motion and order thereon of March 6, 1942, were merely repetitions of the substance of what was determined by an earlier order of January 15, 1942; that the matter determined in both orders and presented on this appeal was the same, to-wit, modification of the

decree of February 23, 1937; and that no appeal was taken, within time or at all, from the order of January 15, 1942, so that the appellant is really seeking to present only the merits of the January 15, 1942, order in an appeal from the order of March 6, 1942. The contention as to the order appealed from not being an appealable order is that the order appealed was simply to vacate the earlier order refusing to vacate or amend the decree and the matters sought to be presented are solely those determined under the earlier order from which no appeal was taken.

Appellee is a school district in Arkansas. Prior to 1937, it had issued three separate bond issues which were outstanding. The interest upon the bonds coming in default, the trustee of one issue brought suit and the trustee of another issue intervened seeking similar relief. Shortly after filing of this action, an order was entered requiring the District to pay to the County Treasurer a certain percentage of its income to be there impounded for disposition on further order of the Court. These impoundments are the funds affected by the consent decree entered later and are the available funds referred to later in this opinion. Following various proceedings and negotiations the parties joined in a consent decree, drawn by counsel for appellant, which is the above decree entered February 23, 1937. In general, this decree provided for refunding the indebtedness (represented by these two bond issues) by exchange of new bonds for these two outstanding issues; and by making provision for payment (from the impounded money) of court costs, attorney fees, refunding expenses and certain interest. The interest payments were expressly to follow payment of the other items. The statement in the decree concerning interest payments was as follows: "after these disbursements have been provided for, the paying agent shall next set aside the funds necessary to pay the interest due April 1, 1937, on the refunding bonds; the balance of the money received by the paying agent shall forthwith be disbursed in payment of interest due on the outstanding bonds prior to April 1, 1936, the date of the refunding bonds, etc., paying the oldest outstanding interest items first."

The decree was carried out by exchange of the bonds and payment of the above costs, fees and expenses. The remaining money of the District was fully applied to payment of back interest resulting in about 25% payment of the back interest up to April 1, 1936, on the two issues in suit. For the remaining 75% of such interest, the disbursing agent issued so-called "escrow receipts" to each bondholder.

After all of the above had occurred, the plaintiff in the above action filed a motion on September 29, 1941. This motion set forth that the above decree provided for payment in full of interest on the old bonds up to April 1, 1936; that, "due to a miscalculation", the District did not have or failed to deposit with the disbursing agent sufficient to pay this interest in full, so that the agent was unable to make this payment in full; that the agent prorated the available funds, amounting to 25% of such interest, and issued "escrow receipts" for the remaining 75%; that certain named persons were holders of such "receipts" in a total of $3,056.25; that the agent has requested the District to deposit sufficient funds to pay this interest but it has not done so and refuses to pay the interest "covered by said 'escrow receipts'"; that "the owners and holders of said 'escrow receipts' are entitled to judgment and payment of said interest, *as ordered and directed in said 'final decree'* as aforesaid" (italics added); wherefore, it was prayed: "that this court ascertain and state the correct amount due each of said persons; for judgment for the benefit of said holders with interest from February 23, 1937, until paid at the rate of 6% per annum; for an order directing said defendant district to deposit with the paying agent for the benefit of said holders the necessary sums to liquidate said items; for judgment for a reasonable attorney's fee; for his costs herein, and for all other relief to which he may be entitled."

In a response, and amendment thereto, appellee pleaded, among other matters, the following: That the Court had no jurisdiction to entertain the motion because the decree was final and the term when it was entered had long expired; that it had a good defense to liability on the old bonds if the decree was to be opened; and that the motion stated no matters justifying setting aside the decree or entitling plaintiff to the relief sought.

The Court entertained the motion and held a full hearing thereon. Both sides introduced evidence by affidavits and a statement which was stipulated as evidence. The factual issues dealt with in the evi-

dence were the negotiations resulting in the consent decree and, particularly, as to whether the arrangement intended to be incorporated in the decree was that the back interest should be fully paid up to April 1, 1936, or should be paid only to the extent of available funds on hand (after payment of stated costs, fees and expenses).

The Court made extended findings of fact and stated conclusions of law. Among the findings are the following: that the decree of February 23, 1937, "reflects the agreement that was entered into by the parties on or prior to the date of the decree"; that the available funds on hand of the District were known to or could easily have been ascertained by the parties and the amount of interest due on the old bonds up to April 1, 1936, was known to the parties; that, at the time counsel for the parties prepared, approved and presented the decree, all of the parties knew such funds were inadequate to pay such interest in full; that the paying agent did not comply with the decree in his payments on such interest and that he issued the "escrow receipts" without the authority or knowledge of the court; that the decree as entered "was not rendered as a result of a mistake in the calculation of the amount of interest that was due on the outstanding bonds prior to April 1, 1936"; and that the District had complied with the terms of the decree.

The conclusions of law stated that the court had jurisdiction to determine the proceedings; that the decree was final and conclusive of the rights of the parties; that movant was "not entitled to a supplemental decree as prayed in his motion"; and that the motion should be dismissed.

January 15, 1942, a decree dismissing the motion was entered wherein the court stated: "It is the opinion of the court that the defense of res judicata set up by the defendant school district is well taken and that the final decree of this court of date February 23rd, 1937, is conclusive of the rights of the parties hereto."

February 18, 1942, appellant filed a second motion. This motion alleged that the agreement (resulting in the consent decree of February 23, 1937) was for full payment of interest on the old bonds up to April 1, 1936; that all parties supposed the impounded funds of the District would (after payment of costs, fees and expenses) be sufficient to pay such interest in full;

that, probably because of such assumption, a provision requiring such full payment was omitted from the decree through "oversight or omission"; that such funds proved insufficient; and that, upon appellant's earlier motion, the court had construed the decree as providing that the balance of such funds was the full amount the District was to pay on such interest. The prayer of the motion was: "to set aside the decree of January 15, 1942, to reopen the cause and upon a hearing thereof to correct the consent decree of February 23, 1937, in accordance with the agreement and understanding of the parties, and for a judgment against the district for the balance of the interest due on the outstanding bonds up to April 1, 1936, with interest thereon at six per centum per annum for costs and a reasonable attorney fee."

To this motion appellee filed its response, inter alia, denying any such oversight or omission and incorporating, by reference, its response and amendment thereto filed to the earlier motion of appellant. The matter was presented on the pleadings and resulted in an order, denying the motion, entered March 6, 1942. May 25, 1942, appellant filed a notice of appeal from the order entered March 6, 1942.

The first motion (September 29, 1941) was based on the assumption that the decree required payment in full of the interest on the old bonds due to April 1, 1936, and that a "miscalculation" of the available funds of the District had resulted in only partial payment under the decree. However, it sought to vary the terms of that decree by requiring payments beyond the only funds for payment provided in the decree. In no other way, could appellant get relief. The response to the motion put in issue all material allegations of the motion. The evidence for both sides was largely devoted to whether the agreement was for payment of such interest in full or only to the extent of the balance of the available funds. The court construed the decree to mean that such interest payments were confined to the balance of the available funds; and found that all of the parties knew the situation as to the amount of interest due to April 1, 1936, and knew or could have easily ascertained the amount of available funds; and that there was no mistake in entry of the decree, which "reflects the agreement that was entered into by the parties on or prior to the date of the decree." Thus it is clear that

everything which could have been considered under the motion of February 18, 1942, was fully presented by both parties under the earlier motion of September 29, 1941, considered by the court and determined by it. Appellant conceded this silently when it submitted the latter motion on the pleadings although the relief sought depended upon matters of fact—such fact matters being covered by the evidence introduced at the hearing of the first motion.

Rule 73(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, prescribes the form of appeal "within the time prescribed." The "time prescribed" is three months from entry of the judgment or decree. Title 28 U.S.C.A. § 230. This time limit is jurisdictional (Northwestern Public Service Co. v. Pfeifer, 8 Cir., 36 F.2d 5, 8; Bremner v. Thomas, 8 Cir., 25 F.2d 301) and cannot be extended by consent, waiver, acquiescence or even by order of the court. United States v. Rayburn, 8 Cir., 91 F.2d 162, 163, 164. The only way in which the statutory time can be prolonged is by suspending the starting of the time period by a timely motion for new trial or a petition for rehearing or some other proceeding of like effect[1]; and that is true because such motion or petition really suspends the finality of the judgment or decree until the court acts thereon. In such situations, the time for appeal begins to run from the order denying the motion or petition (Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 138, 57 S.Ct. 382, 81 L.Ed. 557). Even then the appeal must be from the decree or judgment and not from the order of denial. Pfister v. Northern Illinois Finance Co., 63 S.Ct. 133, 87 L.Ed. —, decided November 16, 1942; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557; Conboy v. First National Bank of Jersey City, 203 U.S. 141, 145, 27 S.Ct. 50, 51 L.Ed. 128.

Here, the appeal is from an order denying a motion to vacate an order refusing to vacate or amend a decree. In its essence, the appealed order was a petition for rehearing of the order refusing to vacate or amend. As such it is not an appealable order. Jones v. Thompson, 8 Cir., 128 F.2d 888, 889; State of Missouri v. Todd, 8 Cir., 122 F.2d 804, 806; Luhrig

Collieries Co. v. Interstate Coal & Dock Co., 2 Cir., 287 F. 711, 713. Nor can an appeal therefrom be treated as an appeal from the earlier order denying vacation of the decree. See In re Schulte-United, 8 Cir., 59 F.2d 553, 559. While this last motion would toll the period for appeal from the order of January 15, 1942, no appeal was taken from that order. Because the appeal here is from an order not appealable, the motion to dismiss the appeal must be and is sustained and the appeal is

Dismissed.

---

[1] For such proceeding other than motion for new trial or petition for rehearing see Zimmern v. United States, 298 U.S. 167, 56 S.Ct. 706, 80 L.Ed. 1118.