### BERNARDS et ux. v. JOHNSON et al.

### No. 10530.

Circuit Court of Appeals, Ninth Circuit.

Nov. 17, 1943.

Writ of Certiorari Denied Jan. 17, 1944.

See 64 S.Ct. 486.

Martin J. Bernards and Lena Bernards, in pro. per.

Platt & Platt and Ralph A. Coan, all of Portland, Or., for appellees.

Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This case, which began as a farmer-debtor proceeding under § 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, has had a lengthy history in both trial and appellate courts. The earlier proceedings are described in our opinion on a former appeal, 103 F.2d 567, and in the opinion of the Supreme Court on certiorari, 314 U.S. 19, 62 S.Ct. 30, 86 L.Ed. 11.

We will not go over the same matters again. Enough to say that through foreclosure certain creditors—appellees here—obtained title to and possession of parcels of the debtors' property, and that a trustee in bankruptcy was appointed to liquidate the balance of the estate. On the appeals above mentioned the debtors attempted unsuccessfully to obtain a reversal of those proceedings. After mandate went down they undertook, with equal futility, to renew a battle already lost.

On January 8, 1943, they filed a motion in the bankruptcy court asking for six separate orders. The substance of this motion was that the court reconsider and vacate prior adverse orders, and that the debtors be afforded the relief to which they

---

claimed to be entitled under § 75, sub. s, of the Act. This motion was denied by the court January 30, 1943.

Thereafter one W. G. Hare filed a petition for an allowance of fees as attorney for the trustee, and a meeting of creditors was called for April 3, 1943, to consider his petition. At this meeting appellant Martin J. Bernards appeared in person and orally moved the court "to set aside the entire matter of the liquidation of the estate of said bankrupts by the trustee as being void and contrary to law," and also that the court "re-consider the petition or motion filed by said bankrupt on January 8, 1943, in which he asked for five specific orders." These motions the court denied on the same day and in the following language: "And the court having considered the motion of said bankrupt and having heard the argument of said bankrupt: It is ordered that each of said motions be and the same is hereby denied, and the bankrupt is allowed an exception to the ruling."

On April 9, 1943, the debtors gave notice of appeal as follows: "Notice is hereby given that Martin J. Bernards and Lena Bernards, Farmer-Debtors and Appellants, above named, hereby appeal to the Circuit Court of Appeals for the Ninth Circuit from the order of this court entered on April 3, 1943, denying,—with exception allowed,—debtor Martin J. Bernards' oral motion of same date asking that entire proceeding of liquidation of debtors' estate by trustee be set aside as being contrary to law, and further moving the court to reconsider debtors' motion of January 8, 1943, in which debtors asked for six specific orders."

Appellees have moved for the dismissal of the appeal, and we are obliged to grant the motion. Aside from the earlier unsuccessful appeal to this and the Supreme Court, no appeal has been taken from any of the orders or decrees which the debtors, by their application of April 3, 1943, sought to have vacated. Their motion of that date is but a renewal, in general terms, of their motion for reconsideration made and denied the previous January. The order now appealed from amounts in substance to the mere denial of a petition for the rehearing of all prior adverse orders.

It has long been the rule in the federal jurisdiction that orders of this character are not appealable. Said the court in Conboy v. First Nat. Bk. of Jersey City, 203 U.S. 141, 145, 27 S.Ct. 50, 52, 51 L.Ed. 128: "No appeal lies from orders denying petitions for rehearing, which are addressed to the discretion of the court and designed to afford it an opportunity to correct its own errors. Brockett v. Brockett, 2 How. 238, 11 L.Ed. 251; Wylie v. Coxe, 14 How. 1, 14 L.Ed. 301." Consult also Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S. Ct. 382, 81 L.Ed. 557; In re McIntosh, 9 Cir., 95 F.2d 627; Jones v. Thompson, 8 Cir., 128 F.2d 888; Alexander v. Special School Dist. of Booneville, 8 Cir., 132 F.2d 355; Chapman v. Federal Land Bank of Louisville, Ky., 6 Cir., 117 F.2d 321; State of Missouri v. Todd, 8 Cir., 122 F.2d 804. The most recent enunciation of the rule by the court of last resort is found in Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 149, 150, 63 S.Ct. 133, 137, 87 L.Ed. 146, where it was observed that "A refusal to modify the original order, however, requires the appeal to be from the orginal order, even though the time is counted from the later order refusing to modify the original. An appeal does not lie from the denial of a petition for rehearing," citing Conboy v. First National Bank, supra, and other cases.

Appellants argue that the court on April 3 had before it new matter to which they had interposed objection, namely, the application of Hare for the allowance of fees as attorney for the trustee. However, the record indisputably shows that the court did not at the time rule on the petition for attorney's fees, but postponed consideration of it to a future date. The application for fees was allowed April 7, 1943. As seen above, the only appeal before us is that taken from the order of April 3.

Appeal dismissed.