## BROWN v. THOMPSON.
### No. 13022.

Circuit Court of Appeals, Eighth Circuit.

July 2, 1945.

W. Morton Carden, of New York City (Marcus L. Bell, of New York City, on the brief), for appellant.

M. G. Roberts, of St. Louis, Mo. (E. G. Nahler and S. G. Ray, both of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from certain orders entered in proceedings for the reorganization of the St. Louis-San Francisco Railway Company, debtor, under Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205. The appellant on February 13, 1941, filed his petition in the District Court seeking reimbursement from the estate of the debtor for attorney's fees and other expenses necessarily incurred and paid by him in successfully defending in the courts of New York an action brought by the trustees of the estate of the debtor against the appellant and others. The appellant was the Chairman of the Board of Directors of the debtor. The action brought by the trustees was authorized by the District Court, and was based upon an alleged breach of trust by the defendants. [1]

The District Court heard the appellant's petition for reimbursement on October 3, 1941. Briefs were thereafter filed. The petition was denied by an opinion and order filed on June 30, 1942. From this order no appeal was taken within the time prescribed by Section 25 of the Bankruptcy Act, 52 Stat. 855, 11 U.S.C.A. § 48.

On October 29, 1942, the appellant filed an application for the reconsideration of his petition. This application was denied on July 24, 1943, by an order, which reads: "Application of Edward N. Brown for reconsideration of petition for reimbursement denied."

An appeal was taken from this order, but was later dismissed.

On June 9, 1944, the appellant filed an application reading as follows:

"Edward N. Brown, petitioner herein, respectfully requests that he be granted a hearing upon his original petition for reimbursement and his petition for reconsideration thereof, and shows to the Court:

"1. Petitioner was and is of the opinion that the Court erred in its decision of June 30, 1942, denying applicant's original petition herein; the grounds for such belief being fully set forth in the application for reconsideration of said petition for reimbursement, filed herein on October 29, 1942.

"Said petition for reconsideration was denied by the Court without hearing and without opinion. Applicant submits that the matters and things set forth in said

---

[1] See Lonsdale, et al. v. Speyer, et al., 174 Misc. 532, 19 N.Y.S.2d 746, affirmed 259 App.Div. 802, 19 N.Y.S.2d 773, affirmed 284 N.Y. 756, 31 N.E.2d 512.

petition for reconsideration and in the original petition are such as to justify him in asking the Court for a full hearing in open court.

"2. Applicant has made inquiry of various holders of securities of the debtor, owning and representing large amounts of the claims against the debtor's estate involved in this proceeding, and applicant has found no security holder who objects to the granting of his application herein; and a very substantial number of said security holders not only do not object to the reimbursement of applicant but have expressed themselves affirmatively as being of the opinion that such reimbursement should be authorized by the Court.

"Wherefore applicant prays that his petition for reimbursement and for reconsideration of the Court's action thereon be set down for hearing in open court at such time as shall be suitable to the Court, and that due notice of such hearing be given to all parties to the record and all security holders of the trust estate."

On June 22, 1944, the District Court entered the following order:

"It is Ordered:

"1. The petition of Edward N. Brown, former Chairman of the Board of Directors of the debtor company, for reimbursement of expenses incurred by him in defending in the Supreme Court of New York, the Appellate Division of the Supreme Court of New York, and the Court of Appeals of New York, the litigation instituted against him by the Trustees herein under authority of this Court's Order No. 94 herein, with respect to the 'Rock Island acquisition' as more fully described in said order, is assigned for hearing in this Court at 10:00 A.M. on the 28th day of July, 1944.

"2. The Trustees are directed to serve all parties to this proceeding with copy of this order, and to publish copy of same once a week for two successive weeks in one newspaper of general circulation published in the City of New York, New York, and in one newspaper of general circulation published in the City of St. Louis, Missouri; the last of such publications to be not less than ten days prior to the date of hearing."

With respect to the hearing of July 28, 1944, the record recites:

"Transcript Of Proceedings On Application of Edward N. Brown For Rehearing On His Original Petition for Reimbursement.

\*  \*  \*  \*  \*  \*

"Be It Remembered, that on the 28th day of July, 1944, at 10:00 A.M., this application of Edward N. Brown, heretofore filed, for rehearing upon his original petition for reimbursement and his petition for reconsideration thereof, was called for hearing \* \* \*."

The record shows that counsel argued or re-argued to the court the merits of the original petition of appellant for reimbursement. An order entered by the District Court on September 28, 1944, reads: "Application of Edward N. Brown for hearing upon his original petition for reimbursement and his petition for reconsideration thereof, denied."

On October 18, 1944, the appellant filed his notice of appeal "from the orders entered herein June 30, 1942, denying petitioner's petition for reimbursement, filed February 13, 1941; the order of July 24, 1943, denying application of petitioner for reconsideration of said petition; and the order of September 28, 1944, denying application of Edward N. Brown for hearing upon his original petition for reimbursement and his petition for reconsideration thereof."

The orders of July 24, 1943, and of September 28, 1944, being nothing more than denials of petitions for the rehearing or reconsideration of the order of June 30, 1942, were not appealable.[2]

The order of June 30, 1942, denying the petition for reimbursement, was an appealable order, but the time to appeal from it

---

[2] Pfister v. Northern Illinois Finance Corporation, 317 U.S. 144, 150, 63 S.Ct. 133, 87 L.Ed. 146; Conboy v. First National Bank of Jersey City, 203 U.S. 141, 145, 27 S.Ct. 50, 51 L.Ed. 128; Jones v. Thompson, 8 Cir., 128 F.2d 888; State of Missouri v. Todd, 8 Cir., 122 F.2d 804; Partridge v. St. Louis Joint Stock Land Bank, 8 Cir., 130 F.2d 281, 286; Alexander v. Special School District of Booneville, 8 Cir., 132 F.2d 355, 358; Old Colony Trust Co. v. Kurn, 8 Cir., 138 F.2d 394, 395; Bernards v. Johnson, 9 Cir., 139 F.2d 228, certiorari denied 321 U.S. 764, 64 S.Ct. 486, 88 L.Ed. 1060, rehearing denied, 322 U.S. 771, 64 S.Ct. 1273, 88 L.Ed. 1596; Jusino v. Morales & Tio, 1 Cir., 139 F.2d 946; Bass v. Baltimore & O. Terminal R. Co., 7 Cir., 142 F.2d 779.

had expired long prior to October 18, 1944, the date when notice of appeal was given, unless the appellant's application for rehearing, filed June 9, 1944, and the action of the District Court with respect to it, had the effect of resuscitating or resurrecting the order for the purposes of appeal.

In Pfister v. Northern Illinois Finance Corporation, 317 U.S. 144, 149, 150, 63 S. Ct. 133, 87 L.Ed. 146, the court pointed out that where an untimely petition for rehearing of an order in a bankruptcy proceeding is filed and is granted, that order is reopened and the basis for it is again put in issue, so that the time for review of the original order runs from the entry of the later order changing or refusing to change the original order. The court said, however (at page 150 of 317 U.S., at page 137 of 63 S.Ct.):

"On the other hand, where out of time petitions for rehearing are filed and the referee or court merely considers whether the petition sets out, and the facts if any are offered support, grounds for opening the original order and determines that no grounds for a reexamination of the original order are shown, the hearing upon or examination of the grounds for allowing a rehearing does not enlarge the time for review of the original order. This result follows from the well-established rule that where an untimely petition for rehearing is filed which is not entertained or considered on its merits the time to appeal from the original order is not extended.

" * * * Whether time for appeal would be enlarged or not would depend upon what the order showed the court did."

We have already shown that what the District Court did by its order of September 28, 1944, was to deny the appellant's application for the rehearing and reconsideration of his petition for reimbursement, which petition the court had denied on June 30, 1942. What the appellant is asking us to do is to review the order of June 30, 1942, from which no timely appeal was ever taken and which, we think, has not been resurrected.

■ The appellee raises no question with respect to our jurisdiction, and has briefed and argued this case upon its merits. We have no desire to be technical, but we think it is not only important but essential that this Court refrain from deciding cases and questions which it has no jurisdiction to decide. We also regard it as of consequence that, in bankruptcy proceedings, petitions such as the original petition by appellant for reimbursement be disposed of definitely and finally with reasonable promptness, as was done in this case. This Court in Re Schulte-United, Inc., 8 Cir., 59 F.2d 553, 559, said: " * * * A motion to vacate an order, and an appeal from the denial of that motion, is not the equivalent of an appeal from the order itself. If it were, it would be possible to wait until the administration of an estate in bankruptcy was almost completed, and then, by moving to vacate all orders and appealing from the order denying the motion, to secure a review of every order, and thus defeat the purpose of the Bankruptcy Act, which seeks to require a prompt review of orders complained of in a bankruptcy proceeding shortly after they are entered."

This appeal is dismissed for lack of jurisdiction.