**Vaughn C. PAYNE, Sr., Individually, Edith Pruitt Payne and Vaughn C. Payne, Sr., as Next Friend of Vaughn C. Payne, Jr., Appellants,**

v.

**Gus F. KOEHLER, Director of Internal Revenue, Appellee.**

**No. 15351.**

United States Court of Appeals Eighth Circuit.

Aug. 10, 1955.

Rehearing Denied Aug. 26, 1955.

Certiorari Denied Nov. 21, 1955.
See 76 S.Ct. 183.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Kurt W. Melchior, Sp. Assts. to the Atty. Gen., Harry Richards, U. S. Atty., and W. Francis Murrell, Asst. U. S. Atty., St. Louis, Mo., for appellee, filed brief in support of motion to dismiss appeal.

Ellis S. Outlaw, St. Louis, Mo., for appellants, filed answer to motion to dismiss appeal.

Before GARDNER, Chief Judge, and WOODROUGH and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

This action was brought in Federal Court by Vaughn C. Payne, Sr., Individually, Edith Pruitt Payne and Vaughn C. Payne, Sr., as next friend of Vaughn C. Payne, Jr., against Gus F. Koehler, Director of Internal Revenue. The action sought to obtain a preliminary injunc-tion restraining the defendant Director from the collection of taxes by levies upon the salaries due to the plaintiff tax-payer, Vaughn C. Payne, Sr., which salaries were paid by the City of St. Louis, Missouri. The complaint further prayed that defendant be ordered "to refund to the plaintiffs any and all sums collected from the City of St. Louis, Missouri from August 20, 1950 to the present date with interest at 6% * * *." The complaint was filed on November 13, 1954. The plaintiff moved for a preliminary injunction and the Director moved to dismiss the complaint. The plaintiff's motion was denied and the defendant's motion to dismiss was sustained by the District Court in an order dated March 17, 1955 and reading as follows:

"The Court having before it the Plaintiff's motion for a preliminary injunction, and the motion of the Defendant Gus F. Koehler, Director of Internal Revenue, to dismiss, and having examined said motions, stud-ied the briefs, heard the argument of counsel, and being fully advised in the premises, It Is Hereby Or-dered that said motion for prelimi-nary injunction should be and is hereby dismissed; and It Is Fur-ther Ordered that said motion to dismiss should be and is hereby sustained, and cause is hereby dis-missed at plaintiff's costs."

Within ten days thereafter, on March 22, 1955, plaintiff moved for a rehearing of the cause and to set aside the order of dismissal. This motion was overruled by the court in an order dated April 13, 1955. Within the time provided by Rule 73(a) of the Federal Rules of Civil Pro-cedure, 28 U.S.C.A., the plaintiff took an appeal to this Court "from the order de-scribed to wit.". The plaintiff then quot-ed the order dated April 13, 1955 which order overruled the plaintiff's motion for a rehearing of the cause and to set aside the order of dismissal dated March 17, 1955.

We have before us now the Appellee's Motion to Dismiss the appeal on the grounds that this Court does not have

jurisdiction because the appeal was improperly taken insofar as it was not taken from a final order or judgment of the District Court but was taken from the denial by the District Court of a motion for rehearing and to set aside a final order dismissing a cause of action. Appellants have filed an answer to the Motion to Dismiss and also a supplemental amended Answer.

We think that appellee's motion to dismiss the appeal is well taken. 28 U.S.C.A. § 1291 states that "The court of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the District Court for the Territory of Alaska, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court." In United States v. Muschany, 156 F.2d 196, 197, this court set down the applicable rule as follows:

"The general rule is that if a motion for rehearing or for a new trial, or to vacate, amend or modify a judgment or the findings upon which it is based, is made seasonably and is entertained, such motion has the effect of extending the time for appeal from the judgment (sought to be affected) until final disposition of the motion. Such a motion is held to deprive the judgment 'of that finality which is essential to appealability.' Leishman v. Associated [Wholesale] Electric Co., 318 U.S. 203, 205, 63 S.Ct. 543, 87 L.Ed. 714. This does not mean, however, that an order disposing of such a motion is an appealable order or that an appeal from it brings up for review the question of the legality of the judgment.

"A timely motion which challenges the correctness of a judgment or order is intended to afford the trial court an opportunity to reconsider its action in entering the judgment and to amend it. The motion merely postpones the finality of the judg-

ment and extends the time for appeal from the judgment. An appeal from the denial of such a motion is not an appeal, or the equivalent of an appeal, from the judgment or order the modification of which is sought. In re Schulte-United, Inc., 8 Cir. 59 F.2d 553, 559; State of Missouri v. Todd, 8 Cir., 122 F.2d 804, 806; Jones v. Thompson, 8 Cir., 128 F.2d 888, 889; Brown v. Thompson, 8 Cir., 150 F.2d 171, 172–173. The appeal lies from the final judgment or order challenged by the motion, and not from the District Court's refusal to modify it. Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 149, 150, 63 S.Ct. 133, 87 L.Ed. 146; Bowman v. Lopereno, 311 U.S. 262, 266, 61 S.Ct. 201, 85 L.Ed. 177; Wayne United Gas Co. v. Owen-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557; Conboy v. First National Bank of Jersey City, 203 U.S. 141, 145, 27 S.Ct. 50, 51 L.Ed. 128; Alexander v. Special School District of Booneville, 8 Cir., 132 F.2d 355, 358; Brown v. Thompson, supra, 150 F.2d 171, pages 172–173."

The appellants did not appeal from the final order of March 17, 1955 but attempted to appeal from the order of April 13, 1955 which merely denied the appellants motion for rehearing and to set aside a final order dismissing a cause of action.

The record before us does not suggest that our ruling will occasion injustice. It is expressly provided by statute that, with certain exceptions not here in point, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U.S.C.A. § 3653, 26 U.S.C.A., Int.Rev. Code 1954, § 7421. The courts have consistently held against the judicial injunction of administrative collection of taxes. See Hernandez v. McGhee, 8 Cir., 294 F. 460; McMullin v. Sheehan, 8 Cir., 95 F.2d 129, certiorari denied 305 U.S. 607, 59 S.Ct. 67, 83 L.Ed. 386; Milliken v. Gill, 4 Cir., 211 F.2d 869; Graham v.

DuPont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965; In re State Railroad Tax Cases, 92 U.S. 975, 23 L.Ed. 633.

We also feel that there are no "extraordinary and entirely exceptional circumstances" which would take this case out of the provisions of the statute. Hill v. Wallace, 259 U.S. 44, 43 S.Ct. 453, 456, 66 L.Ed. 822.

For the reasons stated, the motion to dismiss the appeal of the appellants is sustained.