## UNITED STATES v. EAST.
### No. 10389.

Circuit Court of Appeals, Eighth Circuit.

Nov. 21, 1935.

A. C. Epperson, Asst. U. S. Atty., of Omaha, Neb. (Fred A. Isgrig, U. S. Atty., of Little Rock, Ark., and Gordon Frierson, Asst. U. S. Atty., of Jonesboro, Ark., on the brief), for the United States.

S. Lasker Ehrman, of Little Rock, Ark. (Grover T. Owens, of Little Rock, Ark., on the brief), for appellee.

Before GARDNER, WOODROUGH, and FARIS, Circuit Judges.

WOODROUGH, Circuit Judge.

The trustee in bankruptcy of Sterling Stores, Inc., moved to dismiss this appeal of the United States, a claimant against the estate of the bankrupt, on the ground that the appeal was not taken within the time fixed by the statute (thirty days after the judgment; 11 U.S.C.A. § 48 (a).

The record shows that the United States filed its claim for taxes with the trustee in bankruptcy on November 18, 1931, and that the claim was disallowed by the referee on June 17, 1932, after hearing. On October 12, 1932, a petition for review of the judgment of the referee, duly prosecuted by the government, was denied by the District Court and a notation of the court's decision was then indorsed by the court upon the referee's certification of the questions for review. The government took no appeal from the judgment of the District Court within the prescribed thirty days, but on January 13, 1933, some three months after its petition for review had been denied by the District Court, the government presented to that court a so-called "Petition for Rehearing." The petition for rehearing recited that there had been a hearing on the government's claim by the District Court on October 12, 1932, and that the District Court had on that day rendered a "decision—denying government's petition for review of the findings of the referee denying the claim of the government," but asserted on behalf of the government that the attorney for the government had at the time of the hearing "requested leave to file certain documents as a part of the record in the case" and "had understood that time would be granted to secure and present them" and that the attorney "was wholly unprepared for the decision of the court" against the government. The rehearing was prayed for on the ground that the documents were "necessary—as a part of the record in the event petitioner decides to take an appeal from the decision of the court."

The government's petition for rehearing was presented ex parte to the district court, rehearing was granted thereon on January 13, 1933, and copies of the petition and order were transmitted to the attorney for the trustee in bankruptcy in a letter from the United States' attorney, as follows:

"Enclosed are copies of a petition for rehearing and an order granting the rehearing on the government's claim in this case, denied on October 12, 1932.

"The petition practically sets out all that I can tell you about it, and Judge Martineau has agreed to handle the mat-

ter in this way because the government may want to appeal to the Circuit Court of Appeals and it cannot get into the record the exhibits that it wants as the case now stands.

"I shall be glad to show you what we propose to file, and after it has been filed Judge Martineau will again deny the claim, then we can prepare the judgment accordingly. Meanwhile, I am writing to the Bureau asking that they decide now whether they want to appeal, and suggest that we hold up our judgment until I hear from the Bureau."

The matter coming on further to be heard by the trial court on June 4, 1935, the court found "that on October 12, 1932, after a hearing, an order was entered denying said petition for review and affirming the order of the referee; that on January 13, 1933, upon petition filed on that day, the court granted a rehearing for the purpose of enabling the United States of America to perfect an appeal to the Circuit Court of Appeals."

It was thereupon ordered "that the petition of the United States of America for a review of the referee's decision be * * * denied."

From this record, it is clear that the trustee in bankruptcy obtained a final judgment of the District Court disallowing the claim of the United States against the bankrupt estate on October 12, 1932, and that the right of the United States to appeal from the order was lost to the government by its failure to take an appeal within the thirty days fixed by the statute. The proceedings by which it was attempted to extend time of appeal were ineffectual to that end. Conboy v. First Nat. Bank of Jersey City, 203 U.S. 141, 27 S.Ct. 50, 51 L.Ed. 128; In re Seifer & Sons, Inc. (C.C.A.7) 78 F.(2d) 196; Bonner v. Potterf (C.C.A.10) 47 F.(2d) 852; Foster v. McMasters (C.C.A.8) 15 F.(2d) 751; In re Stearns & White Co. (C.C.A.7) 295 F. 833; see, also, Old Nick Williams Co. v. United States, 215 U.S. 541, 544, 30 S.Ct. 221, 54 L.Ed. 318; Credit Co., Ltd., v. Arkansas Central R. Co., 128 U.S. 258, 261, 9 S.Ct. 107, 32 L.Ed. 448; Chicago, M. & St. P. R. Co. v. Leverentz (C.C.A.8) 19 F.(2d) 915; In re Thompson (C.C.A.9) 264 F. 913; Rode & Horn v. Phipps (C.C.A.6) **195 F. 414,** and cases cited therein.

It is contended for the United States that it was not bound by the time limit which the statute fixes for taking appeals and cases are cited holding that general statutes of limitations do not ordinarily apply to the United States, and particularly that the United States may file a claim in bankruptcy after the time generally limited for such filing. New York v. Irving Trust Co., 288 U.S. 329, 331, 53 S.Ct. 389, 77 L.Ed. 815; United States v. Elliott (C.C.A.6) 57 F.(2d) 843; In re Cuban-Atlantic Transport Corporation (C.C.A.2) 57 F.(2d) 963; United States v. Birmingham Trust & Savings Co. (C.C.A.5) 258 F. 562, 563.

The reason that the government is not bound by general statutory provisions which limit the time to file claims in bankruptcy is that such provisions are statutes of limitations. New York v. Irving Trust Co., supra; In re Cuban-Atlantic Transport Corporation, supra; Villere v. United States (C.C.A.5) 18 F.(2d) 409, 53 A.L.R. 571; In re J. Menist Co., Inc. (C.C.A.2) 294 F. 532; see, also, Gibson v. Chouteau, 13 Wall. 92, 99, 20 L.Ed. 534.

But the provisions of the Bankruptcy Act under which this appeal is attempted (11 U.S.C.A. §§ 47 and 48) are not statutes of limitations. They concern the jurisdiction of the appellate court. "A statute limiting the time within which an appeal may be prosecuted is mandatory and jurisdictional." Broders v. Lage (C.C.A.8) 25 F.(2d) 288, 290; Dealers' Finance Co. v. Coulter (C.C.A.8) 64 F.(2d) 752; In re Torgovnick (C.C.A.2) 49 F.(2d) 211; Gate City Clay Co. v. Dickey (C.C.A.8) 39 F.(2d) 581; Collins v. United States (C.C.A.8) 24 F.(2d) 823; Kiehn v. Dodge County (C.C.A.8) 19 F.(2d) 503, 504; Vaughan v. American Ins. Co. (C.C.A.5) 15 F.(2d) 526, 527; In re Holmes (C.C.A.8) 142 F. 391, 394; Butt v. United States (D.C.) 126 F. 794, writ denied (C.C.A.4) 133 F. 1022.

The United States, having presented its claim against the bankrupt estate and having litigated the claim before the court of competent jurisdiction, was bound by the court's judgment as any ordinary litigant would be, and this court may not exercise jurisdiction to review such final judgment except in accordance with the statutes. United States v. The Thekla, 266 U.S. 328, 45 S.Ct. 112, 69 L.Ed. 313; Unit-

cd States v. Lee, 106 U.S. 196, 222, 1 S.Ct. 240, 27 L.Ed. 171; United States v. Smith, 94 U.S. 214, 24 L.Ed. 115; United States v. O'Grady, 22 Wall. 641, 22 L.Ed. 772; Butt v. United States, supra.

The appeal is dismissed, with directions to the trial court to reinstate its judgment of October 12, 1932.