## In re McINTOSH.

### FOWLER et al. v. SEYMOUR.

### No. 8773.

Circuit Court of Appeals, Ninth Circuit.

March 19, 1938.

Franklin P. Bull and Homer C. Compton, both of Los Angeles, Cal., for appellants.

Thomas S. Tobin and Raphael Dechter, both of Los Angeles, Cal., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

This appeal is from an order entered by the District Court sitting in a bankruptcy proceeding, on December 20, 1937.

From the record it appears that on December 10, 1931, a creditor's involuntary petition in bankruptcy was filed and thereon and thereafter, and on February 24, 1933, and with the written consent of the bankrupt, an order was entered by the District Court adjudicating Frazier McIntosh to be a bankrupt.

On March 9, 1933, a trustee of the bankrupt's estate was elected.

On April 13, 1937, appellants, as interveners, filed with the referee a petition to recover real and personal property and for an accounting for rents and profits, which petition was denied by the referee on June 1, 1937. Appellants' petition for review thereof was denied by the District Court in a written opinion October 29, 1937, and a formal order dismissing appellants' petition, and confirming the order of the referee was entered by the court November 16, 1937.

Thereafter, and on November 26, 1937, appellants filed a petition for rehearing of their petition for review, which the court denied on December 20, 1937.

On January 15, 1938, the court, at appellants' request, by formal order extended the time for appeal until February 15, 1938, saying therein "this is a final extension."

On January 18, 1938, appellants filed with the clerk of the District Court a petition for appeal from the above-described order of December 20, 1937, and filed therewith an "Assignment of Errors," setting forth fifteen reasons whereby they contended that said order was erroneous. The appeal was allowed by the District Court on January 18, 1938.

Upon the above record appellee moves to dismiss the appeal herein and appellants move for an order "that the motion of appellee be denied and dismissed."

The order of November 16, 1937 refusing to set aside and actually confirming the referee's order, stands without appeal therefrom, and the time within which an appeal might be taken therefrom expired December 17, 1937, section 24c of the Bankruptcy Act, as amended, 11 U.S.C.A. § 47(c).

We are without power to authorize or permit a change in the record so as to consider an appeal which in fact was not taken.

The order of December 20, 1937, is not an appealable order. See Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 385, 81 L.Ed. 557, and cases cited.

Appellants' motion must be denied. Appellee's motion to dismiss the appeal must be granted.

It is so ordered.