**STATE OF MISSOURI by UNEMPLOY-
MENT COMPENSATION COMMIS-
SION et al. v. TODD.**

No. 11938.

Circuit Court of Appeals, Eighth Circuit.

Oct. 17, 1941.

Rehearing Denied Nov. 28, 1941.

Harry G. Waltner, Jr., of Kansas City, Mo. (Viva Hunt, of Jefferson City, Mo., on the brief), for appellant.

Harry S. Gleick, of St. Louis, Mo., for appellee.

Before SANBORN and JOHNSEN, Circuit Judges, and NORDBYE, District Judge.

SANBORN, Circuit Judge.

The Metalcraft Corporation, of St. Louis, Missouri, a manufacturer of metal furniture, went into reorganization on May 19, 1938, under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. On September 23, 1938, the corporation was adjudged a bankrupt. Contributions were due the appellant from the bankrupt under the Unemployment Compensation Law of Missouri, Laws of Missouri 1937, p. 574, Mo. St.Ann. § 13194—1 et seq., p. 4770, Rev.St. Mo.1939, § 9421 et seq., a part of which contributions had accrued prior to May 19, 1938, and the balance of which had accrued while it was in reorganization. The appellant on October 10, 1938, filed a claim for unpaid contributions amounting to $4,-370.14 and interest, as a preferred claim. A controversy arose between it and the appellee, the trustee of the bankrupt, as to the amount which could properly be allowed the appellant by the court of bankruptcy. The referee first determined that the appellant was entitled to have its claim allowed for $4,283.32 as a preferred claim. While the order of the referee allowing the claim was on review in the court below, this Court decided State of Missouri v. Earhart, 111 F.2d 992, in which it was ruled that a claim for contributions under the Unemployment Compensation Law of Missouri against the bankrupt estate involved in that case could not be allowed with respect to contributions accruing during the period January 1, 1937, to June 17, 1937, the date when the Unemployment Compensation Law first went into effect, and that interest on contributions accruing thereafter was not allowable after jurisdiction in bankruptcy attached. The court below, on petition of the trustee, vacated the order of the referee allowing the claim of the appellant, and remanded the claim to the referee for redetermination. The trustee filed amended objections, and on May 28, 1940, after a hearing, the referee determined that the appellant was entitled to $730.44 for contributions which accrued during the reorganization period, but without interest, and that that amount should be treated as an expense of administration. He also determined that the appellant was entitled to $2,647.05 as a preferred claim, with interest at six per cent, for contributions which had accrued between June 17, 1937, and the date when the bankrupt filed its petition for reorganization. These allowances the referee believed to be in accord with the decision in the Earhart case. The appellant filed a petition for review of the referee's order, contending that it was entitled to $4,370.14, which included contributions accruing in 1937 prior to June 17, and to one per cent interest per month from the date when each contribution fell due. The court below, after a hearing and largely in reliance upon the Earhart case, confirmed the order of the referee. The order of confirmation was entered September 10, 1940.

On September 24, 1940, the appellant, without leave of court, filed a petition for rehearing in which, among other things, attention was directed to the fact that the mandate in the Earhart case had not gone down, and that the appellant had applied to the Supreme Court of the United States for certiorari. Appellant's petition for certiorari in the Earhart case was denied on October 14, 1940. 311 U.S. 676, 61 S.Ct. 43, 85 L.Ed. ——. On November 13, 1940, the court below, apparently without a hearing and without any reconsideration of the merits of appellant's claim, denied its petition for rehearing filed on September 24, 1940. On December 13, 1940, the appellant filed a notice of appeal "from the order made herein on November 13, 1940, denying the petition of the Unemployment Compensation Commission for a rehearing on its petition for review of the Referee's order of May 28, 1940." It also filed a bond for costs on appeal, which recited: "Whereas, an appeal is permitted by law to the United States Circuit Court of Appeals for the Eighth Circuit from a certain order made by the United States District Court on the 13th day of November, 1940, wherein the State of Missouri by and through the Un-

employment Compensation Commission and Harry P. Drisler, Treasurer, was petitioner and the Metalcraft Corporation and the Trustee thereof was respondent." The obligation of the bond was to pay damages and costs if appellant "fails to make said appeal good." In its "assignment of errors" filed January 22, 1941, appellant states that the errors which it assigns are those upon which it will rely "in the prosecution of the appeal in said cause, from the order of this court [the court below] entered on the 13th day of November, 1940." No assignment of error charges that the court erred in confirming an order of the referee with respect to appellant's claim or in denying appellant's petition for rehearing.

The appellee challenges the jurisdiction of this Court to entertain this appeal, upon the grounds that it was not taken in time, that it was not taken from an appealable order, and that an appeal from an order denying a petition to reconsider or to vacate an appealable order is not the equivalent of an appeal from the latter order.

Whether the filing by the appellant of the petition for rehearing, the only useful purposes of which were to extend the time for appeal from the lower court's order of September 10, 1940, and to prevent that order from becoming final pending the appellant's petition for certiorari in State of Missouri v. Earhart, supra, had the effect of enlarging the time within which the appellant might have appealed from the order of September 10, 1940, it is unnecessary to decide. The appellant took no appeal from the order of September 10, 1940, and the time within which such an appeal could be taken has long since expired. If appellant's time to appeal from that order was extended by the filing of the petition for rehearing, appellant had not to exceed 40 days from November 13, 1940, the date when the petition was denied, to appeal therefrom. 11 U.S.C.A. § 48.

■ The order of November 13, 1940, denying appellant's petition for rehearing was not an appealable order, for "no appeal lies from orders denying petitions for rehearing, which are addressed to the discretion of the court and designed to afford it an opportunity to, correct its own errors." Conboy v. First National Bank of Jersey City, 203 U.S. 141, 145, 27 S.Ct. 50, 52, 51 L.Ed. 128.[1]

■ The appeal from the order of November 13, 1940, denying a rehearing with respect to the order of September 10, 1940, was not the equivalent of an appeal from the latter order. In re Schulte-United, Inc., 59 F.2d 553, 559, 560, this Court said: "A motion to vacate an order, and an appeal from the denial of that motion, is not the equivalent of an appeal from the order itself. If it were, it would be possible to wait until the administration of an estate in bankruptcy was almost completed, and then, by moving to vacate all orders and appealing from the order denying the motion, to secure a review of every order, and thus defeat the purpose of the Bankruptcy Act, which seeks to require a prompt review of orders complained of in a bankruptcy proceeding shortly after they are entered."[2]

The case of Bowman v. Loperena, 311 U.S. 262, 61 S.Ct. 201, 85 L.Ed. 177, does not help the appellant. The Supreme Court in that case ruled that the efforts of a debtor, who was seeking an extension under Section 74 of the Bankruptcy Act, 11 U.S.C.A. [1934] § 202, to secure from a district court the reconsideration and vacation of an order of a referee adjudging him a bankrupt, in view of the consideration given by the district court to his applications and motions, prevented the adjudication from becoming final, and enlarged the time for appeal from the order of adjudication. The opinion in that case shows that the notice of appeal stated that the debtor appealed "from such order or orders, judgment or judgments, and particularly from the order of adjudication, made and entered August 21, 1936." Page 265 of 311 U.S., page 203 of 61 S.Ct.

---

[1] See, also, Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557; San Pedro & Canon del Agua Company v. United States, 146 U.S. 120, 137, 13 S.Ct. 94, 36 L.Ed. 911; Boesch v. Graff, 133 U.S. 697, 699, 10 S.Ct. 378, 33 L.Ed. 787; Wyle v. Coxe, 14 How. 1, 2, 14 L.Ed. 301; Brockett v. Brockett, 2 How. 238, 240, 11 L.Ed. 251; In re Schulte-United, Inc., 8 Cir., 59 F.2d 553, 559, 560; United States v. East, 8 Cir., 80 F.2d 134, 135; Harris v. Mills Novelty Co., 10 Cir., 106 F.2d 976, 978; Chapman v. Federal Land Bank of Louisville, Ky., 6 Cir., 117 F.2d 321, 324.

[2] See, also, Banco Commercial De Puerto Rico v. Hunter Benn & Co., 1 Cir., 31 F.2d 921; In re McIntosh, 9 Cir., 95 F.2d 627.

If the appellant in the case at bar had appealed from both the order of November 13, 1940, denying it a rehearing, and the order of September 10, 1940, confirming the order of the referee of May 28, 1940, a different situation would be presented.

The jurisdiction of this Court to review an order entered by a court of bankruptcy depends upon compliance with the section of the Bankruptcy Act limiting the time within which an appeal can be taken from the order complained of. Broders v. Lage, 8 Cir., 25 F.2d 288, 290; United States v. East, 8 Cir., 80 F.2d 134, 135. We cannot review an order from which no appeal has in fact been taken, or transmute an appeal from a nonappealable order into an appeal from an appealable order which has not been appealed from. Compare In re McIntosh, 9 Cir., 95 F.2d 627.

The appeal is dismissed for want of jurisdiction.