**JONES v. THOMPSON et al.**

No. 12180.

Circuit Court of Appeals, Eighth Circuit.

June 22, 1942.

Rehearing Denied July 9, 1942.

Tom J. Terral, of Little Rock, Ark., for appellant.

Richard M. Ryan, of Hot Springs, Ark. (Henry Donham, of Little Rock, Ark., on the brief), for appellees.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

On May 9, 1941, an order was entered by the District Court of the United States for the Western District of Arkansas dismissing the complaint of the appellant upon the ground that it shows upon its face that the cause of action stated is barred by the statute of limitations. On August 7, 1941, the appellant filed a motion to vacate the order of dismissal, and on September 3, 1941, he filed an amended and substituted motion to vacate the order. The District Court on September 3, 1941, denied the appellant's amended and substituted motion to vacate the order of dismissal, and on September 9, 1941, the appellant filed a notice of appeal "from the order of the District Court of the United States for the Western District of Arkansas, Hot Springs Division, said order denying amended and substituted motion and motion to vacate order of dismissal, said order having been entered in said court on the date of September 3rd, 1941."

The appellant asserts that the District Court erred in dismissing his complaint, and also erred in denying the motion to vacate the order of dismissal.

The appellees have filed a motion to dismiss this appeal upon the ground that it was not taken from the order of dismissal within three months from the date of its entry.

While it is, no doubt, true, as appellant asserts, that his motion to vacate the order dismissing his complaint had the effect of extending the time within which he might appeal from that order, the fact is that he has not appealed from it, but has

appealed from the order denying his motion to vacate and set aside the order of dismissal.

■■ Motions to vacate orders, motions for rehearings or for new trials, and like motions are addressed to the discretion of the trial court and are intended to call its attention to errors allegedly committed by it and to afford an opportunity for their correction. Orders granting or denying such motions are not appealable. Conboy v. First National Bank of Jersey City, 203 U.S. 141, 145, 27 S.Ct. 50, 51 L.Ed. 128; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557; In re Federman, 2 Cir., 119 F.2d 754, 756; In re McIntosh, 9 Cir., 95 F.2d 627; State of Missouri v. Todd, 8 Cir., 122 F.2d 804, 806. An appeal from the denial of a motion to vacate an order is not the equivalent of an appeal from the order itself. In re Schulte-United, Inc., 8 Cir., 59 F.2d 553, 559, 560. In State of Missouri v. Todd, supra (p. 807 of 122 F.2d), this Court said: "We cannot review an order from which no appeal has in fact been taken, or transmute an appeal from a nonappealable order into an appeal from an appealable order which has not been appealed from."

The appeal is dismissed for want of jurisdiction to entertain it.