394

## OLD COLONY TRUST CO. v. KURN et al.
### No. 12591.

Circuit Court of Appeals, Eighth Circuit.

Oct. 26, 1943.

Rodney M. Fairfield, of St. Louis, Mo. (Charles J. Winkler, Jr., of Boston, Mass., J. M. Blayney and Harold S. Cook, both of St. Louis, Mo., Bingham, Dana & Gould, of Boston, Mass., and Blayney, Bedal, Cook & Fairfield, of St. Louis, Mo., on the brief), for appellant.

M. G. Roberts and E. G. Nahler, both of St. Louis, Mo., for appellees J. M. Kurn and Frank A. Thompson.

Davis, Polk, Wardwell, Sunderland & Kiendl, of New York City, Charles P. Williams, of St. Louis, Mo., Edwin S. S. Sunderland, Judson C. McLester, Jr., Spencer Byard, and Cravath, DeGersdorff, Swaine & Wood, all of New York City, Carter, Bull & Garstang, of St. Louis, Mo., Robert T. Swaine, of New York City, Emmet T. Carter, of St. Louis, Mo., and Leonard D. Adkins and Charles H. Jagow, both of New York City, for appellees Fort Scott Committee and Consolidated Committee.

William V. Hodges, of New York City, and Daniel Bartlett, of St. Louis, Mo., for appellee debtor.

Before SANBORN and RIDDICK, Circuit Judges, and LEMLEY, District Judge.

RIDDICK, Circuit Judge.

The appellant, Old Colony Trust Company, is trustee under a certain mortgage of the Kansas City, Memphis & Birmingham Railroad Company securing the payment of bonds of that company referred to in this opinion as the Birmingham bonds. The St. Louis-San Francisco Railway Company later became liable for the payment of the principal and interest of the Birmingham bonds. In proceedings for the reorganization of the St. Louis-San Francisco Railway Company under section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, the District Court for the Eastern District of Missouri on October 14, 1942, entered an order directing the trustees of the debtor railway company to pay over to the Old Colony Trust Company the aggregate amount of the Birmingham income bonds outstanding, together with interest thereon at the rate of five per cent per annum until November 6, 1942, the date designated in the order for the presentation of bonds and coupons by the holders to the Old Colony Trust Company. Upon presentation of the bonds to it, the Old Colony Trust Company was directed to pay to the holder the aggregate amount of the principal and interest and to deliver the bonds to the trustees of the debtor to be held by them in trust for other creditors as their interest might appear subsequently in the reorganization proceedings. The order also contained

provisions for the appropriate adjustment of the rights of creditors affected by the payment of the Birmingham bonds in the course of the reorganization proceedings, and concluded with the following reservation of jurisdiction: "The Court reserves the right and jurisdiction to make such further orders in the premises limiting, modifying or extending the provisions hereof as to the Court may seem proper."

The Birmingham bonds were issued in 1928 and became due and payable on March 1, 1934. In 1938 the Old Colony Trust Company, as trustee under the mortgage securing the payment of the Birmingham bonds, filed a claim in the reorganization proceedings, asking for the allowance of payment of the principal of the Birmingham bonds together with interest at the rate of six per cent per annum from the date of maturity until the date of payment. No action was taken upon this claim, but from time to time during the course of the reorganization proceedings the District Court directed the payment of interest on the Birmingham bonds at the rate of five per cent per annum. Seventeen orders to this effect were entered by the District Court, many of them directing payment of interest accruing after maturity of the Birmingham bonds. Apparently payments of interest under these orders were accepted without objection. The order of October 14, 1942, was made upon petition of the trustees of the railway debtor. No objections were made to the order, and no appeal was taken from it. Following its entry, the trustees of the debtor railway company paid over the required sum of money to the Old Colony Trust Company which, in turn, distributed it to the holders of the Birmingham bonds. All but a relatively small amount of the Birmingham bonds were presented to the Old Colony Trust Company, the holders thereof receiving the principal and interest as provided in the order.

On December 9, 1942, the Old Colony Trust Company filed a petition for modification of the order of October 14, 1942. This petition asserted that the holders of the Birmingham bonds were entitled to receive interest at the rate of six per cent per annum from March 1, 1934, the date upon which the principal of the bonds matured, and asked the court to modify the order of October 14, 1942, to allow interest at the rate of six per cent from maturity until the date of payment instead of at the rate of five per cent, and to provide that the acceptance of payment of the principal of the bonds, together with interest at the rate of five per cent, under the order of October 14 should not prejudice the rights of any of the holders of the bonds to receive the additional interest. On December 18, 1942, the petition for modification of the order of October 14, 1942, was heard by the District Court and dismissed. The Old Colony Trust Company has appealed from the order of the court of December 18, 1942, dismissing its petition to modify the order of October 14, 1942.

■■ The appellee challenges the jurisdiction of this court to entertain this appeal on the ground that it was not taken from an appealable order. This challenge, we think, must be sustained. "Motions to vacate orders, motions for rehearings or for new trials, and like motions are addressed to the discretion of the trial court and are intended to call its attention to errors allegedly committed by it and to afford an opportunity for their correction. Orders granting or denying such motions are not appealable." Jones v. Thompson et al., 8 Cir., 128 F.2d 888, 889; United States v. East, 8 Cir., 80 F.2d 134, 135; United States v. Dowell, 8 Cir., 82 F.2d 3, 4; Missouri v. Todd, 8 Cir., 122 F.2d 804; Wayne United Gas Co. v. Owens-Illinois Glass Co. et al., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557; Pfister v. Northern Illinois Finance Corporation, 317 U.S. 144, 149, 63 S.Ct. 133, 87 L.Ed. ——. A motion to modify a judgment falls into the same category as a motion to vacate or for a rehearing. That this court is without jurisdiction of an appeal from an order dismissing a motion to modify a judgment is too well settled to require discussion.

■ The appellant seeks to sustain its right of appeal by the contention that the order of October 14, 1942, because of the court's reservation of jurisdiction was not a final order and hence not appealable. The question of the finality of the order of October 14, 1942, is of no importance to decision here, since no appeal lies from the denial of a motion to modify a nonappealable order. Republic Supply Co. of California v. Richfield Oil Co. of California, 9 Cir., 74 F.2d 909, 910. Moreover, if by this argument appellant means to say that the order of October 14, 1942, only became final upon the denial of the motion to modify, appellant has nevertheless failed to appeal from the order after

it became final; and, whether the time for appeal began to run on October 14, 1942, the date of the original entry of the order, or on December 18, 1942, the date of the denial of the motion to modify, the time for appeal has expired. 11 U.S.C.A. § 48.

The appeal is dismissed for want of jurisdiction.