In re MARACHOWSKY STORES CO.
MARACHOWSKY STORES CO. v.
O'CONNOR.

No. 10126.

United States Court of Appeals,
Seventh Circuit.

April 13, 1951.

Rehearing Denied May 21, 1951.

David A. Canel, Leonard A. Canel, Chicago, Ill., Nathan Ruppa, Milwaukee, Wis., for appellant, Rubin & Ruppa, Milwaukee, Wis., of counsel.

Daniel C. O'Connor, Portage, Wis., for appellee.

Before MAJOR, Chief Judge, and KERNER and FINNEGAN, Circuit Judges.

FINNEGAN, Circuit Judge.

Certain creditors of appellant, Marachowsky Stores Company, a Wisconsin corporation, on November 25, 1947, filed a petition in the District Court for the Western District of Wisconsin, seeking to have the corporation declared bankrupt. Appellant answered the petition on December 5, 1947. Subsequently, and on January 12, 1948, an amended petition with the same object was filed against appellant.

On January 16, 1948, it appearing that the petitioning creditors and appellant had entered into a stipulation in which they consented and agreed that the court appoint custodians to take over the operation and management of said Marachowsky Stores Company, the court appointed L. A. Hasse and Daniel C. O'Connor, as custodians of the business, property and assets of the appellant company. The custodians were directed to take possession of the business and to operate it for ninety days, or such additional time as the court might direct. It was further ordered that the management and control should be under the supervision of the court, and that none of the managing officers or supervising employees of the appellant corporation should be employed by the custodians. Apparently Daniel C. O'Connor alone qualified and proceeded to act as custodian.

On March 8, 1948, the matter again came on for hearing before the District Court. As a result of the proceeding then had, Mr. O'Connor was continued as custodian until the further order of the court. He was given complete charge of the entire business, to operate it for the court. He was likewise given sole supervision of the employees with power to hire and fire such employees as he pleased. He was authorized to use $10,000 which had been deposited by Mr. Louis Hasse, to operate the business, to pay taxes and insurance premiums then due. The court ordered that Mr. Hasse should have first lien on all the assets of the Marachowsky Stores Company to secure the repayment of the $10,000 he had advanced. The court directed that Marachowsky should have nothing to do with the operation of the business and that

Mr. Hasse was no longer a custodian, the court stating: "It is being operated by this court, and Mr. O'Connor is the officer of this court operating that business."

In the meantime, hearings on the petition to declare the Stores Company bankrupt were held on various dates from January 12, 1948 to September 19, 1949. Neither the record submitted on this appeal nor the briefs of the parties show any reason or offer any explanation for the long delay in determining the solvency of the alleged bankrupt.

Finally, on November 1, 1949, the cause came on for final hearing on the alleged insolvency of appellant. At that time, Daniel O'Connor, the custodian, presented his verified petition seeking compensation for his services and reimbursement for his expenditures. The petition was accompanied by a statement of account. He requested compensation at the rate of $1200 per month for 21 months and 15 days, amounting to $25,800, on account of which $8500 had been paid by court orders. His account showed expenses and disbursements to the amount of $868.47 on which $145.65 had been paid by order of court, leaving a balance due for expenses of $722.82.

The court on that day ordered that the petition and amended petition of the creditors seeking to declare appellant bankrupt be dismissed. It was further ordered that there was due and owing Daniel O'Connor, as custodian, for balance due on his fees and disbursements the sum of $18,022.82; and that the custodian should have a first lien on the assets of Marachowsky Stores Company until said sum was paid. It was further ordered that the order then entered should be effective on November 10, 1949 to enable the custodian to liquidate current obligations, incurred by him during the period of custodianship, out of the funds and property of the company in his hands.

On November 10, 1949, the court finding that the custodian had to the best of his ability determined and paid the current obligations incurred by him, and that it would take some time to close the books of the company up to the effective date of November 10, 1949, ordered that the custodian and

his accountants be given access to the books of the corporation to prepare a balance sheet as of the close of business on November 9, 1949. It was further ordered that if any current accounts remained unpaid through inadvertence, they be paid out of the assets of the company or out of funds in the hands of the court; that the custodian be paid $8,000 on account within 30 days, and the balance due him within 60 days, and that the clerk of the court be authorized to make such payment out of funds deposited or to be deposited, with the court. The appellant company was then ordered to deposit with the clerk of the court funds sufficient to pay the fees and expenses of the custodian, and in addition $10,000 to repay Louis Hasse for monies advanced by him; a lien was imposed on the assets of the company for these fees and expenses of the custodian and the advances made by Louis Hasse. The court retained jurisdiction to enforce its orders and directed that the custodian file a copy of the audit report of the company and a statement that all obligations incurred during the custodianship had been paid.

Twenty-two days later, on December 3, 1949, the appellant company filed a petition which it denominated a petition for "review and rehearing" of the orders heretofore made on November 1, 1949 and on November 10, 1949, and requested "the court for a modification and revision of said order for the reason that the fees are excessive." The petition itself was not verified; it was signed by the legal firm then representing appellant, and was not supported by accompanying affidavits.

On December 15, 1949, a hearing was had before the District Court on said petition for review and rehearing. All parties were present and represented, and a complete transcript of the proceedings therein are included in the record before us on this appeal.

On December 23, 1949, the District Court entered an order that "the petition to review and vacate the orders of this court heretofore entered in this proceeding dated November 1, 1949, and November 10, 1949, awarding, * * * be and the same is

hereby denied, with costs and attorneys' fees in favor of Daniel O'Connor, in the sum of $100 and against the Marachowsky Stores Company."

On January 20, 1950, appellant filed its notice of appeal to this court "from the order and judgment entered herein on December 23, 1949, denying the petition to review and vacate the orders of the court entered on November 1, 1949, and November 10, 1949, relating to fees and disbursements to be allowed Daniel C. O'Connor, custodian herein, and from the whole thereof."

At the outset we are confronted by the contention of appellee that the appeal should be dismissed. Our first step must be to consider and dispose of that contention. In such consideration it must be remembered that the General Orders in Bankruptcy numbered 36 and 37, 11 U.S.C.A. following § 53, provide as follows:

"Order 36. Appeals shall be regulated, except as otherwise provided in the Act, by the rules governing appeals in civil actions in the courts of the United States, including the Rules of Civil Procedure for the District Courts of the United States.

"Order 37. In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be. But the court may shorten the limitations of time prescribed so as to expedite hearings, and may otherwise modify the rules for the preparation or hearing of any particular proceeding.".

In the case at bar, the trial court and both appellant and appellee took for granted that the petition of appellant filed December 3, 1949 was a motion within Rule 59 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Appellant denominated it a petition for rehearing and review; appellee considered it a petition or motion to alter or amend the orders of November 1, 1949, and November 10, 1949; the District Court found that it was not presented within the time limited by the rules.

Appellee's argument that the appeal should be dismissed is predicated upon the proposition that the petition or motion to alter or amend the orders of November 1 and 10 was not presented until 22 days after the entry of the last of said orders; that, being filed out of time, the petition or motion did not enlarge the 30-day period within which appeal should have been taken from the orders of November 1 and 10, 1949. The fatal weakness in this contention is that, as we have pointed out, the present appeal is from the order of December 23, 1949, which denied the petition or motion for rehearing and review. It is not an appeal from the orders of November 1 and November 10, 1949.

Notwithstanding this obvious and complete retort to the contention that the appeal should be dismissed, and, as if to emphasize the position it took in the trial court that its motion or petition was filed under Rule 59, Federal Rules of Civil Procedure, the appellant in its reply brief relies upon and cites Bowman v. Loperena et al., 311 U.S. 262–266, 61 S.Ct. 201, 85 L.Ed. 177. It was there held that the filing of an untimely petition for rehearing, which is not entertained or considered on its merits, cannot operate to extend the time for appeal; but that when a court allows the filing and after considering the merits denies the petition, the judgment of the court as originally entered does not become final until such denial and the time for appeal was to be reckoned from the date of such denial. In the case at bar the trial court, appellant continues, did entertain and consider on its merits the petition for rehearing and review—it announced its findings of fact and conclusions reached as the result of such consideration—therefore the time to appeal from the orders of November 1 and November 10, 1949, began when the motion or petition for rehearing was denied on December 23, 1949. The Bowman case was decided in December, 1940, long before the present Rule 6(b) Federal Rules of Civil Procedure became effective.

It may be that appellant's motion to rehear and review the orders of November 1 and November 10 had the effect of extending the time within which it might appeal

from the orders of November 1 and November 10, 1949, yet the fact remains that it has not appealed from those November orders, but has appealed from the order of December 23, 1949 denying the motion or petition to rehear, review, or modify the orders of November 1 and November 10.

■ An order denying a petition for rehearing or reconsideration of a prior order is not an appealable order. In Jones v. Thompson et al., 8 Cir., 128 F.2d 888, 889, it is said on page 889: "Motions to vacate orders, motions for rehearings or for new trials, and like motions are addressed to the discretion of the trial court and are intended to call its attention to errors allegedly committed by it and to afford an opportunity for their correction. Orders granting or denying such motions are not appealable. Conboy v. First National Bank of Jersey City, 203 U.S. 141, 145, 27 S.Ct. 50, 51 L.Ed. 128; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557; In re Federman, 2 Cir., 119 F.2d 754, 756; In re McIntosh, 9 Cir., 95 F.2d 627; State of Missouri v. Todd, 8 Cir., 122 F.2d 804, 806. An appeal from the denial of a motion to vacate an order is not the equivalent of an appeal from the order itself. In re Schulte-United, Inc., 8 Cir., 59 F.2d 553, 559, 560. In State of Missouri v. Todd, supra (p. 807 of 122 F.2d), this Court said: 'We cannot review an order from which no appeal has in fact been taken, or transmute an appeal from a nonappealable order into an appeal from an appealable order which has not been appealed from.' "

Bass v. B. & O. Terminal R. Co. et al., 7 Cir., 142 F.2d 779; and Brown v. Thompson, 8 Cir., 150 F.2d 171, both support the principles stated in the citation from Jones v. Thompson, supra. Compare also Safeway Stores v. Coe, 78 U.S.App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782.

Therefore, if we regard appellant's petition of December 3, 1949, as a petition on motion for a rehearing, or a petition or motion to alter or amend the orders of November 1 and November 10, 1949, filed under Rule 59 of the Federal Rules of Civil Procedure, and both parties as well as the trial

court so regarded it in the proceedings below, we would be constrained to dismiss this appeal.

However, in its original brief filed in support of this appeal, appellant contends that the petition of December 3, 1949 was filed under Rule 60(b) of the Federal Rules of Civil Procedure. We must therefore examine that contention. Rule 60(b) provides (in part):

"On motion and on such terms as may be just, courts may relieve a party from a final order for the following reasons:

"(1) Mistake, inadvertence, surprise or excusable neglect;

"(2) newly discovered evidence which by due diligence could not have been discovered in time for a new trial or rehearing under Rule 59;

"(3) fraud, misrepresentation or other misconduct of an adverse party;

"(4) the judgment or order is void;

"(5) the judgment has been satisfied, released, or discharged, etc., and

"(6) any other reason justifying relief from the operation of the judgment."

Appellant claims that it was proceeding under this rule because of mistake, inadvertence, surprise or excusable neglect. It states in its reply brief: "The best we can say by the said order allowing fees to the custodian on November 1, 1949 and November 10, 1949, was that the order was entered through mistake."

Before beginning the consideration of this contention of appellant, we must point out that another sentence of Rule 60(b) provides: "A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." Consequently if the proceedings below were instituted under Rule 60(b), the orders of judgments of November 1 and November 10 are not within the scope of this appeal. This proceeding then becomes an appeal from an order or judgment dismissing or denying a petition or motion under Rule 60(b).

The Advisory Committee on Rules in its notes states that the purpose of Rule 60(b) was to afford such relief as had theretofore

been provided by equity through Bills of Review or bills in the nature of Bills of Review. In equity practice final orders disposing of bills of that character were always reviewable by courts of appellate jurisdiction. Cf. Buffington v. Harvey, 95 U.S. 99–103, 24 L.Ed. 381.

Our problem therefore is: Do the allegations of appellant's petitions of December 3, 1949, or the evidence offered in support thereof at the hearing on December 15, 1949, establish such mistake, inadvertence, surprise or excusable neglect as to justify relieving appellant from the orders of November 1 and November 10, 1949.

The sole allegation in the petition for rehearing and review is, as already pointed out, that appellant requests the modification and revision of said order *"for the reason that said fees are excessive."*

We do not regard the allegation as sufficient to support a petition for review in the nature of a bill of review, but in the interests of justice and in order to avoid prolonging this litigation we will consider the petition of December 3, 1949 as proceeding upon Rule 60(b) F.R.C.P. It should be distinctly stated that our action in this regard is not to be regarded as a precedent.

As a result of a complete hearing and after consideration of all appellant's evidence, the trial court entered the following findings of fact and conclusions.

### Findings of Fact.

"That Daniel C. O'Connor was appointed custodian of the property and business of the Marachowsky Stores Company, alleged Bankrupt, hereafter referred to as Bankrupt, pursuant to the order of this Court; that he operated the business of the Bankrupt consisting of nineteen retail grocery, meat, drygoods and furniture stores located in the State of Wisconsin, from January 16, 1948, to November 10, 1949. That the said Daniel C. O'Connor was, by the order of this Court, clothed with full powers of a receiver and custodian in the operation of the Bankrupt's business; that he conducted the business of said Bankrupt in a highly competent and efficient manner;

that he devoted substantially full time to the operation of said business.

"That he is and was at all times mentioned herein, an attorney at law, admitted to practice before the courts of the State of Wisconsin, and the United States District Court for the Western District of Wisconsin, since 1937. That in addition to the management and operation of the Bankrupt's business, he handled all of the routine and necessary legal business of the bankrupt corporation, acted as counsel for the Bankrupt in all matters before this Court relating to the above-entitled matter; that, among other important legal services rendered, he acted as attorney for the Bankrupt in contesting an assessment of additional income to the Bankrupt by the Wisconsin Department of Taxation; that he succeeded in having the assessment reduced from approximately $50,000 to approximately $16,000 in conference; that he appealed the reduced assessment to the Wisconsin Board of Tax Appeals and prepared that case for trial; that he used the facilities of his law office in handling the legal work of the corporation, and that he used the facilities of his law office for the correspondence incident to the operation of the business.

*(In connection with this finding it is material to note that on oral argument herein it was disclosed that the Wisconsin Board of Tax Appeals, because of the custodian's continued efforts, had set aside the entire assessment.)*

"That he reported periodically to the Court on his operation of the Bankrupt's business, which until recently showed a net profit during his custodianship; that he liquidated pursuant to the order of this Court five units of the Bankrupt's business in attempting to conserve the assets of the corporation; that said business was conducted by him with limited credit and capital and under severe financial difficulties.

"That the work done by Daniel C. O'Connor as heretofore referred to was for the benefit of the Bankrupt; that it was necessary and was done for the purpose of conserving the assets of the Bankrupt; that the disbursements and expenses set forth

in the custodian's account for services and disbursements were actually made, were necessary, and were made for the benefit of the Bankrupt; that the fees and disbursements allowed the custodian by order of this Court dated November 1, 1949, are reasonable and proper.

"That the petition for review of the orders of this Court sought to be reviewed was dated 32 and 22 days respectively after the orders of November 1, 1949, and the order of November 10, 1949, and not in compliance with the United States Statutes.

## Conclusions of Law.

"That the petition to vacate the orders of this court in this proceeding dated November 1, 1949 and November 10, 1949, is without merit; was not filed in compliance with the United States Statutes, and is hereby denied with costs and attorney fees to Daniel C. O'Connor, said custodian, in the sum of One Hundred Dollars ($100)."

Our examination of the transcript of proceedings discloses that the findings of the trial court are supported by substantial evidence. From the entire record, as we view it, it is abundantly clear that the alleged insolvent estate has benefited in great measure during the administration of the custodian. There is not the slightest intimation that any loss occurred to the estate from any act or failure to act on his part. On the contrary, even the attorneys for appellant stated that he had done a wonderful job. We might go further and detail many factual items which prove that he persistently and conscientiously sought to benefit and secure advantage to the alleged bankrupt estate, but this opinion must have an end. It remains only to say that in our judgment the court properly ruled that the state income tax returns of the custodian for the years 1947 and 1948 were entirely incompetent and irrelevant to establish the reasonableness of the fees to be allowed him as custodian. No one could be in better position to determine, under the terms of the statutes, the amount and reasonableness of the fees to be allowed the custodian in this case, than the court under whose appointment, direction and supervision he conducted the business of appellant for nearly two years.

The order of the District Court dismissing the petition of December 3, 1949, is affirmed.

KERNER, Circuit Judge, concurs in the result.