George A. SHWAB, Jr., Plaintiff-Appellee,
and
Lumbermens Mutual Casualty Company, Surety-Appellee,

v.

Paul R. DOELZ et al., and The Indiana Steel Products Company, Defendants-Appellants.

No. 11463.

United States Court of Appeals Seventh Circuit.

Feb. 9, 1956.

---

George J. Banigan, Holland, Huber & Banigan, Chicago, Ill., Thomas F. Dean, Calumet City, Ill., of counsel, for defendants-appellants.

Kenneth Call, Gary, Ind., Matthew E. Murray, E. Allan Kovar, Seyfarth, Shaw & Fairweather, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

The notice of appeal herein states the appeal is " * * * from that part and so much only of the Order on Motions and Judgment entered * * * on March 10, 1955, as denies the defendants' motion dated January 27, 1955, for leave to file a supplemental answer and counterclaims against the plaintiff herein * * *." The notice stated that defendant, The Indiana Steel Products Company, also appealed on a separate ground. To understand the situation in the trial court on March 10, 1955, a somewhat detailed description of the then pending litigation is necessary.

Since 1937 one A. D. Plamondon, Jr. had been President of defendant The Indiana Steel Products Company, an Indiana corporation. On February 11, 1953, plaintiff, a resident of Tennessee and a stockholder of defendant Company, brought this suit to restrain the Company and the directors Buchanan, Conover and Doelz, constituting a majority of the Board of Directors, from removing Plamondon from office, and from otherwise interfering with his functioning as such President. On the day he filed his complaint plaintiff applied for an *ex parte* temporary restraining order which would provisionally grant him substantially the same injunctional relief as he sought in his complaint. With the application for the temporary restraining order, plaintiff filed a bond in customary form in the penal sum of $25,000 with the Lumbermens Mutual Casualty Company, as surety. The District Court issued the temporary restraining order without notice to any defendant and directed prompt hearings on the question of the temporary injunction. The motion for preliminary injunction was argued February 18 and 19, 1953, and the temporary restraining order was continued in force until March 10, 1953. On

that date the Court denied plaintiff's motion for a temporary injunction and dissolved the temporary restraining order.

On March 13, 1953, plaintiff filed an appeal to this Court. Three days later plaintiff applied to this Court for an order which he designated as an "emergency temporary restraining order" pending appeal. This motion was denied on March 23, 1953.

On March 24, 1953, the Board of Directors of the Company, by appropriate resolution, removed Plamondon, Jr. from the office as President of the Company, and one Kirsch from office as Secretary, Treasurer and Comptroller of the Company. At the 1953 annual stockholders' meeting held April 23–25, 1953, the three directors hereinbefore named were re-elected as well as two new directors to take the place of Plamondon and one Gillies.

In May, 1953, plaintiff disposed of 1400 of the 1500 shares of the capital stock of defendant Company previously held by him. On May 11, 1953 plaintiff moved this Court to dismiss his appeal on the ground that same had become moot, and on May 19, 1953 an order of dismissal was entered. In September, 1954, plaintiff disposed of his remaining 100 shares of capital stock, and since said date has not been a shareholder of record.

On February 10, 1954, in the District Court, plaintiff moved to dismiss the action without prejudice and without costs, and for cancellation of the bond and for release of the surety thereon. On the same date defendants moved for dismissal of the complaint and for judgment in favor of the Company against plaintiff as principal and against the surety for damages under the terms of the bond. Hearings were held on the question of damages as a consequence of Plamondon remaining in office by force of the *ex parte* order from February 13 to March 24, 1953, the Company claiming it was entitled to $19,460.82.

On January 17, 1955, the District Court filed its Memorandum of Decision including its Findings of Fact and Conclusions of Law. The Court determined that the defendants' motion to dismiss the complaint with prejudice and with costs should be granted, and that plaintiff's motion to dismiss the complaint without prejudice and without costs and to cancel the bond should be denied. The Court granted judgment in favor of the Company for damages in the sum of $3,486.88, which included the item of $2,756.57 paid by the Company to Plamondon as its President during the effective period of the temporary restraining order.

The District Court directed defendants' counsel to present, within ten days, an order consistent with its Opinion and Findings. Instead of so doing, defendants moved for leave to file a supplemental answer and counterclaims which presented a malicious prosecution action against the plaintiff. Subsequently, defendants filed a motion for amendment to the Court's Findings and Conclusions seeking to have the Court retain jurisdiction to determine possible future liability on the bond. The Court denied these motions.

Prior to the oral argument before this Court, plaintiff moved to dismiss the appeal for the reasons: (1) the orders of the Court from which the appeals are taken are not final appealable decisions, (2) no appeal is purported to be taken from the final judgment entered in this cause by the District Court. The motion to dismiss was denied without prejudice to renew same at the time of oral argument. This has been done.

The document signed by the District Judge on March 10, 1955, was entitled "Order on Motions and Judgment." The first two paragraphs contained the following:

"The motion of defendants for 'Amendment of and Additions to Findings' filed February 3, 1955, and the motion of the plaintiff for 'Amendment of Findings and Judgment' filed February 3, 1955, are denied.

"The motion of defendants Indiana Steel Products Company, Wil-

liam C. Buchanan, Hubert S. Conover and Paul R. Doelz 'For Leave to File Supplemental Answer and Counterclaims' filed January 28, 1955, is denied."

The first part of the third paragraph reads:

"Judgment is entered for the defendant Indiana Steel Products Company and against plaintiff George A. Shwab, Jr. and his surety, Lumbermens Mutual Casualty Company, in the total amount of Three Thousand Four Hundred Eighty-six Dollars and Eighty-eight Cents ($3,486.88), together with costs, * * *."

Thereafter follows an itemized list of the damages allowed by the Court.

On the same date a separate entry was made in the District Court records as follows:

"And now the Clerk enters judgment, for the defendant, which entry of judgment reads in the words and figures following, to-wit:

"Judgment is hereby entered for the defendant Indiana Steel Products Company and against plaintiff George A. Shwab, Jr. and the Surety Lumbermens Mutual Casualty Co. in the total amount of $3,486.88, together with costs, * * *",

which was followed by a detailed statement of the items of damages.

It is clear defendants did not appeal from the judgment which was in their favor. The Notice of Appeal points out that defendants attempted to take the appeal "(a) * * * from that part and so much only of the Order on Motions and Judgment entered in the above entitled action on March 10, 1955, as denies defendants' motion dated January 27, 1955, for leave to file a supplemental answer and counterclaims against the plaintiff herein, and (b) the defendant The Indiana Steel Products Company further hereby appeals * * * from that part and so much only of said Order on Motions and Judgment entered on March 10, 1955, as denies to said de-

fendants (its) * * * motion for the amendment of and for additions to the findings of fact and conclusions of law filed herein by the Court on January 17, 1955."

The fact that the denial of defendants' motions was contained in a paper or document with the ambiguous heading "Order on Motions and Judgment," can be of no assistance to the defendants. As far as the first two paragraphs of the document are concerned, it was the order of the Court denying the respective motions, and we shall consider them separately and apart from the judgment which was a money award to the defendants.

■ The rule is an order denying a motion for an amendment of or an addition to the findings of fact and conclusions of law is not appealable. Bass v. Baltimore & Ohio Terminal R. Co., 7 Cir., 142 F.2d 779, 781; Burns v. Ender Coal & Coke Co., 7 Cir., 104 F.2d 964; French v. Jeffries, 7 Cir., 161 F.2d 97, 99; In re Marachowsky Stores Co., 7 Cir., 188 F.2d 686, 689, certiorari denied 342 U. S. 822, 72 S.Ct. 41, 96 L.Ed. 622; United States v. Tinkoff, 7 Cir., 211 F.2d 892, 893; Alexander v. Special School District of Booneville, etc., 8 Cir., 132 F.2d 355, 358; Jones v. Thompson, 8 Cir., 128 F.2d 888, 889; Skirvin v. Mesta, 10 Cir., 141 F.2d 668, 671–672.

The purpose of the proposed amendment was to have the Court retain jurisdiction of plaintiff and his surety in case plaintiff should, sometime in the future, seek to enforce a claim that he was entitled to a bonus from defendant company. In any event, there would be no abuse of discretion in denying such a motion to amend. However, we agree that the Court's denial of the motion to amend its findings was not an appealable order, and to that extent, the motion to dismiss the appeal should have been granted.

By its proposed counterclaim defendants attempted to assert a claim against plaintiff for malicious prosecution. Defendants admit any damages based upon

such claim would not be recoverable under the surety bond herein. Defendants assert the claim for malicious prosecution matured after they had served their pleadings in this cause. Defendants attempt to qualify under Rule 13(e), Federal Rules of Civil Procedure, 28 U.S.C. A., which provides:

"A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading."

The basis for defendants' claim of malicious prosecution was the bringing of the instant suit. It is elemental that to maintain an action for malicious prosecution there must be a concurrence of a number of elements, one of which is the legal termination of the proceedings of which complaint is made. 54 C. J.S., Malicious Prosecution, § 84, p. 1059.

There may be a legitimate area of dispute as to whether an order denying leave to file a permissive counterclaim in the instant case is an appealable order. There is no doubt that an order dismissing a compulsory counterclaim is not an appealable order. Nachtman v. Crucible Steel Co. of America, 3 Cir., 165 F.2d 997; Toomey v. Toomey, 80 U.S. App.D.C. 77, 149 F.2d 19. But it does not follow that the same rule applies to a permissive counterclaim.

We have jurisdiction of appeals from final decisions of District Courts. Title 28 U.S.C.A. § 1291. But just what is a final decision is often difficult to determine. As one Court stated:[1] "There is, still, too little finality about 'finality.' ' "A final decision" is not necessarily the ultimate judgment or decree completely closing up a proceeding.' But it is not easy to determine what decisions short of that point are final." However, in the case at bar, we shall assume without further discussion, that the order denying leave to file a counterclaim was, under the circumstances of this case, an appealable order.

There are at least two reasons why the Court was justified in refusing leave to file a counterclaim. One is that the proposed counterclaim was premature. Although in the District Court's Memorandum of Decision dated January 17, 1955, the Court stated that defendants' motion to dismiss the complaint with prejudice and costs should be granted, it is apparent from the record before us that no order dismissing the complaint was ever entered. Apparently the instant case is still pending. There must be a termination of this action before a claim of malicious prosecution based thereon can be asserted as a legal claim. Goodyear Tire & Rubber Co. v. Marbon Corp., D.C., 32 F.Supp. 279, 280; Fidelity & Casualty Co. of New York v. Coffelt, D.C.S.D.Iowa 1951, 11 F.R.D. 443.

A further reason for approving of the action of the District Court in refusing leave to file the counterclaim is that no showing has been made of an abuse of discretion. Rule 13(e) expressly provides that a counterclaim maturing or acquired after a pleading may be filed with the permission of the Court. Rule 15(d) provides: "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. * * *"

In the case at bar there had been prolonged hearings. It was nearly two years after the temporary restraining order had been dissolved that defendants asked leave to file a counterclaim, which presented a controversy of a substantially different nature. Far from being an abuse of discretion, we think the action of the trial court was entirely proper.

An order may be entered dismissing the appeal insofar as the appeal purport-

---

1. United States v. 243.22 Acres of Land, etc., 2 Cir., 129 F.2d 678, at page 680.

ed to put in question the action of the District Court in denying a motion for an amendment of or an addition to Findings of Fact and Conclusions of Law.

The order of the District Court denying defendants' motion for leave to file Supplemental Answer and Counterclaim is

Affirmed.