In the Matter of L. F. GRAMMES & SONS, INC., Debtor.

**J. L. Hennessy Associates, Inc., Appellant.**
No. 14396.

United States Court of Appeals
Third Circuit.

Argued Oct. 14, 1963.

Decided Nov. 22, 1963.

Robert H. Jordan, Allentown, Pa. (Edwin K. Kline, Jr., and Kline & Jordan, Allentown, Pa., on the brief), for appellant.

Gilbert W. Oswald, Philadelphia, Pa. (Samuel D. Slade, Philadelphia, Pa., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Wexler, Mulder & Weisman, Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, HASTIE and FORMAN, Circuit Judges.

McLAUGHLIN, Circuit Judge.

The primary dispute here concerns the amount of compensation to which appellant is entitled for the use and occupation of its building by the trustee in a business reorganization under Chapter X of the Bankruptcy Act.

The trustee was appointed April 28, 1961. At that time the building was un-

der a three year lease from its owner, J. L. Hennessy Associates, Inc., to the debtor. On May 2, 1961, the owner cancelled the lease. The trustee, despite major difficulties, was able to restart the debtor's business. This made his continued use of the Hennessy building necessary. His attempt to agree with the owner on a rental figure for his use and occupancy was unsuccessful as the owner insisted on the amount named in the lease. On October 24, 1961 the owner filed a petition in the district court asking that the amount for use and occupancy be fixed and that the trustee pay same or vacate. The petition was referred to Referee Hiller for final determination. A hearing was held, at which two real estate experts testified on behalf of the owner as to the fair market value of the property as did two experts on behalf of the trustee. On April 4, 1962 the referee filed an opinion in which he found that the fair market value of the plant facility on May 1, 1961, was 55¢ a square foot net, or $50,600 annually. He directed that the trustee pay Hennessy at that rate for use and occupancy from May 1, 1961 to March 31, 1962. The trustee tendered his check for that period at the rate of $50,600 per year. This was refused by the owner who asserted that it was entitled to a further sum of $16,000 covering taxes and assessments. The trustee insisted that the order did not call for him to pay for taxes and assessments in addition to the sum fixed in the referee's final order. Hennessy said it would apply to the referee for clarification of his order. The trustee had no objection to this provided his right of review was protected in the event the referee required him to pay more than the stated $50,600 per year. In those circumstances the owner decided not to file such petition.

The debtor had installed equipment on the premises at a cost of more than $100,-000 and the trustee endeavored to reach an over-all settlement with the owner including credit for that equipment. The owner refused and as a result the trustee was forced to remove the equipment and dispose of it separately. The mortgagee threatened to foreclose and the trustee, to appease him, sent the owner a check for $25,000 as a payment on account for the mortgage and without prejudice to either party's rights. The owner refused this and filed a petition for the removal of the trustee for refusing to comply with the referee's order. The trustee moved to dismiss the petition and for instructions regarding the order of the referee. On May 24, 1962 the district judge, holding that the owner's petition was "totally devoid of merit and utterly unwarranted", denied it. The trustee was ordered to pay the owner $50,600 for use and occupation for the year May 1, 1961 to and including April 30, 1962 and not to pay any municipal taxes or assessments on the building on the present record. The order also provided for any further use and occupancy to be paid for by the trustee at the rate of $50,600 annually. Trustee has complied with the terms of that order and continued to pay appellant at the named rate to January 26, 1963.

On July 7, 1962 the owner petitioned the referee to reexamine, review, amend, clarify and correct his order of April 4, 1962. On December 28, 1962 the referee filed an opinion holding that his order of April 4, 1962 had become final after the elapse of ten days from its filing and at the end of that time had become a final judgment of the court. He concluded that Rule 60(b) of the Rules of Civil Procedure is inconsistent with the Bankruptcy Act in connection with the modification or vacation of orders or decrees of a referee. He doubted that since the 1960 amendment to Section 39, sub. c of the Bankruptcy Act he had the power to reconsider the problem presented under its particular facts but, assuming that he did possess the requisite discretion to do so, found little in the petition "to justify a favorable exercise of discretion to consider its substance and merits." Accordingly, he dismissed the petition.

On February 1, 1963, appellant filed a petition with the district court asking that the referee be directed to forward

to the court the entire record in the matter and asking for a rule to show cause why the court should not direct the trustee to pay taxes, etc. in accordance with the order of April 4, 1962. The petition was denied by the district court on February 13, 1963. It is from that order that this appeal is taken.

Hennessy asserts on this appeal, as it has throughout this proceeding, that the phrase in the April 4th order "55¢ a square foot net, or $50,600 annually" meant the trustee had to pay the taxes and assessments in addition to the "$50,-600 annually". The trustee urges that, with the order being an admittedly "final determination", if the referee had intended to have the trustee charged $16,-000 in addition to the $50,600 annual amount, he would have specifically so stated. And quite clearly, with only temporary use and occupancy involved, if the taxes and assessments were to be the trustee's obligation, precise language was needed to fix its extent. The city tax was a calendar year charge, the school tax was not. The assessments were each a complete levy for the particular improvement. The trustee was bound to insist that the terms for his use and occupation be reasonable and it would seem to have been important that his commitment be completely detailed. Hennessy was not dealing with some private long term tenant prospect who through circumstances could be forced to accept the landlord's debatable demands. With all this in mind we quote that part of the referee's order of April 4, 1962 which tells the trustee just what he is to pay Hennessy:

"Accordingly the Trustee is hereby ordered and directed to pay to the Hennessy Associates, Inc. of New York City, the owner-petitioner, use and occupation at the rate established herein, from May 1, 1961 to March 31, 1962."

There is nothing in the order directing the trustee to pay additional amounts for taxes and assessments. Hennessy itself apparently thought the order needed clarification. As we have seen, it stated that it would make such application to the referee but abandoned the tactic when the trustee demanded that his review rights be preserved.

■ Whatever might be said of the labyrinthian way of this litigation up to now, there is no doubt that, as stated in appellant's brief, the present appeal is from the refusal of the district court to "Reconsider [its] Previous Order" i. e. the order of May 24, 1962. We are therefore dealing, not with an appeal on the merits from the May 24, 1962 order, but with an appeal from the denial by the district court on February 13, 1963 of the application filed February 1, 1963, which in effect sought to have the court reconsider its order of May 24, 1962. As we see it, the decision whether or not to reopen was within the sound discretion of the trial court and at least ordinarily not appealable. Conboy v. First National Bank, 203 U.S. 141, 145, 27 S.Ct. 50, 51 L.Ed. 128 (1906). Missouri v. Todd, 122 F.2d 804, 806 (8 Cir. 1941). See also Harris v. Mills Novelty Co., 106 F. 2d 976 (10 Cir. 1939); Old Colony Trust Co. v. Kurn, 138 F.2d 394 (8 Cir. 1943); Cromelin v. Markwalter, 181 F.2d 948 (5 Cir. 1950); In re Marachowsky Stores, 188 F.2d 686 (7 Cir. 1951); Beecher v. Leavenworth State Bank, 189 F.2d 606 (9 Cir. 1951).

Bowman v. Loperena, 311 U.S. 262, 61 S.Ct. 201, 85 L.Ed. 177 (1940) and Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557 (1937) are not to the contrary. Nor is In re Huntingdon & Broad Top Mt. R.R. & Coal Co., 213 F.2d 411 (3 Cir. 1954) applicable in the situation before us.

■ The district judge who made the order had appointed the trustee and was in charge of the case. He considered the petition totally devoid of merit and utterly unwarranted. He obviously found no occasion for a hearing. The issue before him was simple—should the trustee be removed because he had refused to go along with the construction Hennessy was urging for the order of April 4,

1962. The court thought not; it also completely supported the trustee's interpretation of the order and directed payment in accordance therewith. Actually it was not until after the trustee had finished his use and occupation of the premises and full payment of approximately $88,000 under the order had been made and accepted by Hennessy, that the latter took the step now before us in another try for payment of the taxes and assessments.

Under all the facts, and having in mind that the referee in passing on a similar petition had found little in appellant's representations "to justify favorable exercise of discretion to consider its substance and merits", we are of the opinion that there was no abuse of discretion on the part of the district judge in his denial of the petition of February 1, 1963.

The judgment of the district court will be affirmed.